### HIRIART *vs.* ROGER ET AL.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT FOR THE PARISH OF LAFOURCHE INTERIOR, THE JUDGE THEREOF PRESIDING.

A simulated sale, as between the parties, is absolutely null.

Where the evidence establishes fraud on the part of the purchaser, the sale will be declared fraudulent and void as it regards creditors, at the suit of a creditor of the original vendor.

This is an action by a creditor to annul certain sales from his debtor to the defendants, as having been made in fraud of creditors.

The plaintiff shows that he obtained a judgment against Auguste Roger, in the parish of Lafourche Interior, on the 2nd October, 1835, for one thousand three hundred and fifty dollars, with interest and costs. He *further* shows that his debtor, A. Roger, conveyed a lot of ground and a certain female slave, to one Mathurin Bourg, by acts *sous seing privé*, in January and October, 1828, which were attested by two witnesses and duly recorded; and that a few days afterwards Bourg sold and conveyed said lot and slave, with her child, by public act, to Valery Roger, the son of the original vendor, dated the 10th November, 1831. On the next day, Auguste

Roger sold and conveyed another lot of ground, in the town of Thibodeauxville, where the first is situated, to his son, Valery Roger. These sales are all alleged to be simulated and fraudulent, as regards the plaintiff, who is a judgment creditor of the vendor, and he prays that they be annulled and set aside, and the property sold to satisfy his demand against the original debtor, Auguste Roger.

In an amended petition, the plaintiff shows that the slave conveyed from Bourg to V. Roger has since died, leaving a child named Zoë, and that this child, and one of the lots in question, are in possession of Madame Exnicious and her minor child, and the other lot has been sold to one G. C. Bedford, who were all made parties, and the same judgment demanded against them as against V. Roger and M. Bourg. Bedford admitted he had purchased one of these lots from one Jacques François Brunot, who bought it from V. Roger. He prayed that if a recovery was had, and the sale of the lot annulled, that he might be released from his obligation to his vendor.

The other parties all appeared and made defence. They denied all fraud, and assert title under the sales and transfers to them. The respective titles and acts of sales between the parties were produced, and evidence offered on both sides.

The district judge was satisfied, from the evidence, that the several sales by which this property, once belonging to Auguste Roger, was attempted to be placed beyond the reach of his creditors, were void as regards the plaintiff, and must be set aside, and the property sold to satisfy his demand or debt ; and that the sale from V. Roger to Brunot be cancelled, and the price thereof returned.

V. Roger, Madame Exnicious, and Brunot, appealed.

*Beatty,* for the plaintiff and appellee.

*Taylor,* for the defendants and appellants.

*Eustis, J.,* delivered the opinion of the court.

The plaintiff alleges, that on the 2nd of October, 1835, he obtained judgment against Auguste Roger, for the sum of

one thousand three hundred and fifty dollars, with interest and costs; that the said judgment was rendered on a debt which existed prior to the date of the several conveyances of which he afterwards complains.

That on the 7th day of January, 1828, the said Auguste Roger conveyed a female negro slave named Eliza, then aged about eighteen years, to Mathurin Bourg, and on the 2nd day of October, in the same year, he conveyed to the said Bourg a certain lot of ground, in the town of Thibodeauxville, with the improvements thereon; these conveyances were both under private signature, but were afterwards duly recorded.

That afterwards, by public act, of the 10th of November, 1831, the said Bourg conveyed the said lot and the slave, with her child, to Valery Roger, the defendant, the son of Auguste Roger, and on the 11th of November, 1831, the said Auguste Roger sold another lot in the town of Thibodeauxville, described in said act, to the said Valery Roger.

That the slave Eliza died, leaving a child named Zoë: that part of said principal lot, having fifty feet front on the Bayou, is in possession of Madame Exnicious, the daughter of the said Auguste Roger, and her minor child, Marie C. Exnicious; that the remainder of the lot, and the slave child Zoë, is in the possession of the defendant, Valery Roger, and that the lot sold by Auguste Roger, to Valery Roger, is in the possession of George C. Bedford. These sales are all alleged to be fraudulent, and made with the intention to defraud the creditors of Auguste Roger; the usual allegations necessary to support the action are made; judgment is asked accordingly, and relief is prayed for against all the parties who are in the possession of the property. After issue joined, Bedford disclaimed, and reconveyed the lot he purchased to one of the defendants, J. F. Brunot. The debt on which the plaintiff obtained judgment in October, 1835, we shall assume originated on the 27th of May, 1831, the date of the notes on which the suit is brought.

We consider the sales made to Mathurin Bourg as absolutely null; the evidence is conclusive on this point; and

that during the time the property remained in his name, it was to all intents and purposes the property of the father of the defendant. On the subject of simulation, we consider the law as settled. See *Merlin, Reportoire de Jurisprudence, verbo Simulation, section* 3. The opinions of jurisconsults are there given. D'Argentrée, speaking of agreements of this description, says, "*colorem habent, substantiam vero nullam, nulla quippe conventio initur, nullus contractus agitur, sed fingitur.*" Baldus describes a convention like this under consideration as "*corpus sine animâ et dicitur coloratus, depictus, extrinsecus apparens, intrinsecus nihil habens.*" It is due to Mr. Bourg, who was examined in this case, to state, that he disclosed fully the nature of the pretended transfers, without any reserve or disposition to conceal it.

We consider that it is proved that the sale of the lot of ground and slave, from Mathurin Bourg to the defendant V. Roger, was fraudulent on the part of the purchaser, and void as it regards creditors.

The plaintiff has established the facts necessary to enable him to recover in this action under the provisions of the civil code. We do not think the evidence establishes fraud on the part of Madame Exnicios or Brunot, two of the defendants, who hold, under purchases from the defendant, part of the property sold by Auguste Roger to his son Valery Roger. We disallow the claim for improvements set up by the defendant, Valery Roger. The judgment of the court below must be reversed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed ; and it is further ordered, that the plaintiff have judgment against the defendant, Valery Roger ; that the sales of the property, to wit, the lot of ground in the town of Thibodeauxville, described in the act of sale from Auguste Roger to Mathurin Bourg, and mentioned in the plaintiff's petition, and the slave Zoë, (except as hereinafter mentioned,) be avoided and annulled as to its effect on the plaintiff ; and that said lot and slave, or a sufficient part thereof to satisfy

EASTERN DIST.
*March,* 1839.

HIRIART
*vs.*
ROGER, ET AL.

A simulated sale, as between the parties, is absolutely null.

Where the evidence establishes fraud on the part of the purchaser, the sale will be declared fraudulent and void as it regards creditors, at the suit of a creditor of the original vendor.

17          VOL. XIII.

the plaintiff's debt, with interest and costs, be sold under execution, and the proceeds applied to the extinguishment of the same ; and that the appellee pay the costs of the appeal.

And it is further ordered, that judgment be entered in favor of Madame Exnicios, in her own right and as tutrix of her minor child ; and of Jacques François Brunot, with costs in both courts.