## TOWNSEND and MILLIKEN *v.* C. H. MILLER.

The law gives to every creditor, where there is no cession of property, and to the representatives of creditors, where there is a cession or other proceedings in which they are collectively represented, an action to annul any contract in fraud of their rights.

Where a creditor, on his own responsibility, and at his own cost, prosecutes an action to avoid a fraudulent sale made by an insolvent, the benefit resulting from the action cannot be claimed by the syndic who is no party to it. It enures entirely to the creditor, by whose vigilance it was obtained.

APPEAL from the District Court of the Parish of Jefferson, *Clarke,* J. Durant and *Horner,* for *Charles Fonda,* syndic of *Miller. Hunton* and *Bradford,* for plaintiffs. By the court:

TOWNSEND
*v.*
MILLER.

Eustis, C. J. The plaintiffs having obtained judgment against *Charles H. Miller,* also had judgment against his wife, by which a certain fraudulent judgment, which she had obtained against her husband, was reduced, and the amount of the excess over that of her legal rights was decreed to be paid to the plaintiffs, in part satisfaction of their judgment against the husband.

The plaintiffs took out execution against the wife, and a certain sum having been made under it, the syndic of the creditors of the husband, who had failed pending this suit, applied for the payment of this amount in the hands of the sheriff to him, for the benefit of the mass of the creditors. The district judge determined that the money belonged to the plaintiffs in execution, and not to the creditors, and ruled accordingly. From this decision this appeal is taken.

It appears that, in the interval between the date of the rendition of the judgment of the plaintiffs against the wife and the signing of it, *Miller,* the debtor made a surrender of his property, which was accepted by the judge. A syndic was duly appointed.

There was an appeal taken, by the wife, from the judgment which rendered her liable to the plaintiffs, as before stated. The suit in this court was conducted exclusively by the plaintiffs, and in their name, the syndic being no party to it. The judgment of this court, so far as the present parties are concerned, did not change the judgment of the inferior court. The plaintiffs, at the institution of their suit, had a clear, undisputed right of action, for the purpose of annulling the fraudulent judgment, which stood in the way of their recovering their debt. The law gives to every creditor, where there is no cession of property, and to the representatives of the creditors, where there is a cession, or other proceedings in which they are collectively represented, an action to annul any contract made in fraud of their rights.

The judgment in this action, if maintained, shall be, that the contract be avoided as to the complaining creditor, and the property taken thereby from the debtor's estate, or its value, be applied to the payment of the plaintiffs. Code, 1965 and 1972.

The plaintiffs' action was maintained, and by the judgment of the court the fraudulent judgment was avoided as to them, and a certain sum decreed to them in satisfaction of their debt. The plaintiffs' proceedings were conducted without reference to those of the insolvent debtors. They prosecuted their action on their own responsibility, and at their own cost and expense, on the appeal and in the court below. The syndic took no part in those proceedings, was no party to them; but now, the money being made under the plaintiffs execution, asks for the appropriation of the fruits of the plaintiffs' vigilance and diligence.

We are not called upon to determine what would have been the rights of the mass of the creditors, under the facts presented, had the syndic been a party aiding the plaintiff in searching out and unmasking the property sought to be fraudulently appropriated to their detriment. It is sufficient, for the present decision, that he was not a party to the proceedings in which the plaintiffs' recovered judgment.

We know of no rule of law which would deprive the plaintiffs of the full benefit of their judgment; there is certainly no principle of justice which would justify such a course on the part of the court.

The judgment of the district court is therefore affirmed, with costs.

TOWNSEND
*v.*
MILLER.

*Durant* and *Horner* for a re-hearing. The attorneys for *Charles Fonda,* syndic of *C. H. Miller's* creditors, respectfully ask for a re-hearing in this case, on the grounds following:

First. That the judgment herein rendered is contrary to L. C. 2172, which says, " The surrender made, according to the forms ordained by law suspends all kinds of judicial process against the debtor." The judgment against *Miller* and wife, in a revocatory action, was signed after *Miller's* surrender. This signing was a judicial process.

Second. It is contrary to sec. 2d, of act 29th March, 1826, Bullard's Dig. 495. " That from and after such cession and acceptance, all the property of such insolvent debtor, mentioned in said schedule, shall be fully vested in his creditors, and shall not be liable to be seized, attached, taken, or levied on, by virtue of any seizure, attachment, or execution, issued against the property of the said insolvent debtor," &c., &c.

Third. It is contrary to the same section, in said act, which says, " The syndic who may be appointed by the creditor, shall take possession of, and be entitled to claim and recover, all the said property, and to administer and sell the same, as is provided by the act to which this is a supplement," &c.

Fourth. It places an erroneous construction on articles 1965 and 1972 of the Code : 1. On article 1965, by ruling that the action given by the law to every creditor, when there is no cession of goods to annul any contract made in fraud of their rights, can continue in the name, and for the benefit of the individual creditor, after a cession lawfully made. (See *Rogers* v. *Reynolds*, 3 L. R. 462, and *Prudhomme* v. *Briard* and wife, 32 Sirey, 2 part, p. 84. 2. On article 1972, by ruling that after the cession, " the complaining creditors" are the individual creditors commencing the action. Whereas, by the cession, all debts become due, and all creditors become, in view of this article, " complaining creditors."

Fifth. It loses sight of the real issue between the parties. The syndic does not ask " for the appropriation of the fruits of the plaintiffs' vigilance and diligence." He asks that their privilege, if any they have, may be inquired of in the *concurso.* The syndic says, the money now in the sheriff's hands did, at the date of the cession, belong to *Charles H. Miller*, and passed, by operation of law, to the syndic ; and that plaintiffs never had any legal right either to issue their execution or to receive the money from insolvent's wife, even though she had paid it over to the sheriff without an execution. *Blois* v. *Yard*, 14 L. R. 250. *Nimmo* v. *Allen*, 2 Ann. 451. *Posey* v. *Weems*, 4 Ann. 195. Besides, if the plaintiff did receive the money, an action would lie to recover it back for the mass. " Il y a cependant une exception à ce principe,* et la voici. Si, après une saisie des biens du débiteur, ou après le délaissement qu'il en a fait à ses créanciers, un d'eux recevait son paiement, ou du fond des choses saisies, ou de ce qui était délaissé aux créanciers, il serait tenu de rapporter à la masse ce qu'il aurait reçu, parcequ'alors il aurait pris pour soi ce qui appartenait à tous." Merlin Répertoire, vol. 7, *Verbo* "Créancier," No. III, p. 5, quoting Law 6, §6 and 7, D. quae in fraudem creditorum, etc.

Sixth. The revocatory action cannot be maintained without the debtor being a party to the suit. The debtor is the main defendant always. He is the principal; the other defendant, joined with him, is regarded as a surety, and can demand discussion of principal's property, before any judgment shall be pronounced in the suit to avoid the contract. The very object of the action, and its necessary effect, being to revoke a contract, and bring back the property into the original debtor, (10 Duranton, sec. 574 ; Marcadé, vol. 4, pp. 410, 411,) the contracting parties must be before the court. The action cannot be exercised by the individual creditors, until their debts are liquidated by a judgment ; unless the defendant be made a party to the suit for liquidating the debt brought against the original debtor. L. C. 1967. From all the articles, 1965 to 1972, L. C., it is very clear that, without a judgment, or the ability to obtain one in the course of the judicial proceedings, no revocatory action can be maintained. It would be similar to an attachment suit without a defendant, the plaintiff and garnishee alone being before the court. Or to garnishee process under act of 20th March, 1839, (Bullard's Digest, 458,) when plaintiff makes a seizure with-

---

* The principle alluded to is, that "no payment of a just debt, in money, can be revoked." L. C. 1981.

out any judgment against defendant. See *Atwell* v. *Belden*, 1 L. R. 500. *Potier* v. *Harman*, 1 R. R. 525. *Hyde* v. *Craddick*, 10 R. R. 395. Now this court admits that a cession was made by *Miller*, before the judgment against him and his wife was signed; and that "a syndic was duly appointed." Here, then, we have a revocatory action, without the original debtor being a party thereto, a revocatory action where plaintiffs have no judgment against their debtor, and where both the lower and appellate court are unable to render one, without annulling the judgment accepting the surrender. The insolvent, *Miller*, being civilly dead, ceased, on the day of his surrender, to be a party to the suit. No judgment could be signed against him. "The judicial officer was rendered powerless for such purpose; and that which had not, when the Constitution (surrender) went into effect, the force and effect of a judgment, became a mere abortion, by the complete withdrawal of official authority, and the positive inhibition of the judge's action." "Hence it has been the uniform and settled jurisprudence of the Supreme Court, from its foundation down to the present time, (June, 1846,) that, until it is signed, the judgment is without efficacy; it is inchoate and imperfect." *Succession of Asbridge*, 1 Ann. 207.

Seventh. The property of a debtor is the common pledge of all his creditors. L. C. 3150, and whether insolvent be dead or alive. *Orr* v. *Thomas*, 3 Ann. 585. This pledge vests in all his creditors the moment he ceases his payments, under the French law; or as soon as he makes a cession, under ours. Pardessus, part 6, tit. 1, chap. 7, and Louisiana authorities cited herein. It seems therefore, that the equity of this case is decidedly in favor of the mass of the creditors.

Eighth. Under the French Code of Com. this case is clearly with the appellants: "A partir de ce jugement, toute action mobilière au immobilière ne pourra être suivie on intentée que contre les syndics. Il en sera de même de toute voie d'exécution tant sur les meubles que sur les immeubles." Code de Commere, ancien texte 442, 494. Nouvelle Rédaction, du présent livre, 443. Locré, vol. 19, p. 7.

Ninth. Neither the syndic of the creditors of *Miller* nor *Miller* himself, was made party to the original appeal. Neither of them can legally be blamed for not having made themselves parties. In truth, the syndic was not appointed till some two months after *Miller's* failure. It was the duty of *Mrs. Miller* to make proper parties to her appeal, and the duty of plaintiffs to profit by its omission. C. P. 903.

We pray for a reversal of the judgment in favor of the syndic, with costs.

Re-hearing refused.