## Evariste Decuir. *v.* L. A. Veazey et al.

The prescription of one year, established by Article 1989 of the Code, is not applicable to simulated sales.

The prescription of ten years, established by Article 3442 of the Code, requires good faith in the purchaser.

In an action to annul a simulated sale, the prayer of the petition was, that the property be "sold in satisfaction of petitioner's judgment;" but the judgment decreed the property "subject to the just claims of his (defendant's) creditors." An amendment of the decree was asked for so as to make it c rrespond with the prayer. *By the Court:* The appellee is entitled to the amendment. The Code of Louisiana contemplates that the revocatory action shall enure to the benefit of the creditor who has been at the expense and risk of prosecuting the action, (C. C. 1972,) and although we do not regard the present action as coming within the restrictions and limitations applicable to the *Actio Pauliana,* or *revocatoria,* yet there is certainly that analogy which the greater bears to the less; and the practice of our predecessors has been in conformity with the prayer of plaintiff's petition.

APPEAL from the District Court, Parish of St. Martin, *Voorhies,* J. *L. Simon,* for plaintiff. *Nicholls,* for defendant and appellant.

Buchanan, J. The petition sets forth that plaintiff is a creditor of *Lewis A. Veazey,* in the sum of four hundred and sixteen dollars and sixty-six cents, with interest, by judgment; that said *L. A. Veazey* has no property in possession; but that *Theophile Veazey* claims to be the owner of certain property described in the petition, by virtue of a notarial act, dated the 29th September, 1836; which act plaintiff avers to be false, fraudulent and simulated, made for the purpose of defeating the just claims of the creditors of *L. A. Veazey,* who figured in the said act as vendor of the property in question. The plaintiff prays that *L. A. Veazey* and *Theophile Veazy* be cited, and for judgment annulling the notarial sale above mentioned, decreeing the property to belong to

L. A. Veazey, and to be subject to seizure in execution of plaintiff's judgment aforesaid.

The petition was filed in 1849. Subsequently one of the defendants, L. A. Veazey, died, and the suit was revived against his widow and heirs. In 1853, issue was joined, and the parties went to trial. Judgment being rendered in favor of plaintiff, the defendant, Theophile Veazey, has appealed.

The evidence establishes that the sale by L. A. Veazey to his brother, the appellant, of three lots, with the houses thereupon, in St. Martinsville, on the 29th September, 1836, was a simulation. The proof of this fact results from the letters of the appellant himself, and from a counter letter signed by him. The latter document is in these words:

"Je certifie que la vente de la propriété signée par mon frère à mon nom en 1836, est qu'une vente pour guarantir la dite propriété de tous ses créanciers.                                        THEOPHILE VEAZEY."

The defendant, Theophile Veazey, has pleaded the prescription of one and ten years in bar of this action.

The one year's prescription relied upon, is that mentioned in the 1989th article of the Civil Code. But it has been frequently held by our predecessors, and the doctrine meets with our entire concurrence, that the prescription of one year, created by that Article, is not applicable to actions to avoid a simulated sale. The language of the leading case upon this point, which is reported, Cammack et al. v. Watson et al, 1st Annual, p. 132, is as follows: "The Code provides for the avoidance of contracts. It has no reference to simulated or pretended agreements." And again: "There is no similarity between the revocatory action provided for in our Code, and the action to have a simulated sale decreed to be so. As Merlin says: On se pourvoit contre un acte simulé, par une simple demande à ce qu'il soit déclaré tel. Rep. de Jurispr. verbo Simulation.

See also 1 Ann. 262; 3 Ann. 627; 4 Ann. 36; 5 Ann. 400; 13 La. 129; 9 Rob, 267, in note.

The other prescription pleaded, viz: that of ten years, is not applicable to this case. Property is acquired by ten years possession, according to the Civil Code, articles 3442 and following, provided among other things, that the original acquisition has been in good faith. But this indispensable basis of the prescription of ten years is manifestly wanting in the present instance, as shown by the counter letter signed by the appellant. Besides which, the appellant has failed to prove the ten years actual and continuous possession, which is no less essential. C. C. 3445, 3453.

There is a variation between the prayer of the petition and the decree of the District Court, to which our attention has been called by the counsel of the appellee, and in respect to which the appellee's answer filed requests the amendment of the judgment.

The petition prays that the property described be decreed "subject to be seized and sold in satisfaction of petitioner's debt," meaning his judgment against Lewis A. Veazey. The judgment rendered herein decrees the property "subject to the just claims of his (Lewis A. Veazey's) creditors."

We think the appellee entitled to the amendment. The Code of Louisiana contemplates that the revocatory action shall enure to the benefit of the creditor who has been at the expense and risk of prosecuting the action, (C. C. art. 1972:) and, although we do not regard the present action as coming within the

restrictions and limitations applicable to the *actio Pauliana*, or *revocatoria*, yet there is certainly that analogy which the greater bears to the less; and the practice of our predecessors has been in conformity to the prayer of the plaintiff's petition. See 1st Ann. 132, &c. It is not improper to observe that no other creditor of *Veazey* than the plaintiff has intervened in this suit.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended; that the sale of the property described in plaintiff's petition from *Lewis A. Veazey* to *Theophile Veazey*, by act before *Pierre Paul Briant*, notary public, on the 29th September, 1836, be avoided and annulled as false and simulated; that the property mentioned in said act be decreed still to belong to the estate of *Lewis A. Veazey*, and subject to be seized and sold in satisfaction of the judgment heretofore obtained by plaintiff against said *Lewis A. Veazey*; and that the appellant, *Theophile Veazey*, be liable *in solido* with the other defendants, for the costs of the Court of the first instance, and solely for the costs of this Court.