No. 3483

Second Circuit

RAPIDES PACKING CO. v. BOURGEOIS ET AL.

(July 1, 1929. Opinion and Decree.)

Lamar Polk, of Alexandria, attorney for plaintiff, appellee.

Hawthorn and Stafford and J. L. Pitts, Jr., of Alexandria, attorneys for defendants, appellants.

WEBB, J. The Rapides Packing Company, Inc., Rapides Grocery Company, Inc., and Henry B. Grady were ordinary creditors of R. M. Bourgeois of Rapides Parish; the packing company was the first to file suit against the common debtor, and while that suit was pending and before issue was joined by default or otherwise, the grocery company and Grady procured confessions of judgment from Bourgeois for the amount of their claims, and, on the same date, filed suit against the common debtor on the confessions, and judgments were rendered thereon on the same date and executions issued on the judgments, under which the sheriff of Rapides parish seized the property of Bourgeois. On the day following the seizure, the packing company amended its petition and obtained an attachment against Bourgeois, under which the sheriff attached the same property which had been seized under the executions issued on the judgments of the grocery company and Grady, and a short time thereafter the packing company filed suit against Bourgeois, the grocery company,

Grady and the sheriff, to revoke and annul the confessions of judgment made in favor of the grocery company and Grady, and the judgments rendered thereon, as having been made in fraud of creditors, and prayed for judgment accordingly, and for judgment ordering the grocery company and Grady to restore and refund any property, money, advantage, benefit, etc., obtained by virtue of the judgments and proceedings had thereunder, and that same be applied to the payment of the claim of the packing company against the common debtor.

Pending trial the property which had been seized and attached was sold under an agreement of the parties and the proceeds held by the sheriff and thereafter judgment was rendered in favor of the plaintiff in the suit of the packing company against Bourgeois, for the amount claimed, sustaining the writ of attachment and recognizing the privilege resulting therefrom in favor of the packing company on the property seized, and on trial of the action to revoke and annul the confessions of judgment and judgments rendered thereon, judgment was rendered in favor of plaintiff, the packing company, avoiding and annulling the confessions of judgment and ordering the proceeds of the sale, to the extent of plaintiff's claim against Bourgeois, paid over to the packing company, and defendants grocery company and Grady appeal.

There is not any question raised as to the sufficiency of the judgment, and considering it in connection with the judgment sustaining the writ of attachment in the suit of the packing company against Bourgeois, the effect of the decree annulling and avoiding the confessions of judgment and the judgments rendered thereon was to set aside the seizure made in execution of such judgments, in so far as plaintiff's rights were affected, and the proceeds of the sale of the property, to the amount of the claim of the packing company against Bourgeois, passed to the packing company under its judgment sustaining the attachment against Bourgeois (see, Newman vs. Baer, 50 La. Ann. 329, 23 So. 279; Marx vs. Meyer, 50 La. Ann. 1229, 23 So. 923); and considering that the revocatory action brought by the packing company was a means by which that company sought to have its privilege on the property, resulting from the attachment, recognized as superior to the privilege resulting from the seizure under execution, and viewing the judgment in the revocatory action as having that effect, we consider the grounds urged by the appellants for the reversal of the judgment.

Appellants contend that as it was not claimed that Bourgeois was not justly indebted to them for the amounts for which he confessed judgment, and as the law does not prohibit a debtor, although he is insolvent, from confessing judgment, plaintiff carried the burden of proving that the confessions were procured and made with the intention and purpose that defendants would seize the property of the debtor prior to or before other creditors could do so, and thereby obtain a privilege or right to be paid by preference and priority over other creditors of the debtor, and that the evidence failed to establish any such facts, but, on the other hand, that the confessions were made and obtained in order to enable defendants to share ratably with plaintiff in the distribution of the proceeds of sale of the debtor's property; and it is further contended that the evidence failed to establish that Bourgeois was insolvent or, if so, that defendants had knowledge of his insolvency.

Considering the record with relation to the questions of the insolvency of Bour-

geois and knowledge of defendants, the latter, in their answer, admitted that they had seized all of the property of Bourgeois, which, they alleged, had been sold at its value of one hundred seventy-five dollars; and, it being conceded that the indebtedness due the parties here was in excess of seven hundred dollars, and the evidence showing that defendants, at the time they learned that the packing company had sued Bourgeois, had discussed the advisability of proceeding against Bourgeois in bankruptcy, in order to avoid the result which they apprehended would follow from the fact that the packing company was the first of the creditors to file suit, and would be the first to seize the debtor's property.

The facts admitted show that the amount of his debts exceeded the value of his property on the date when the value of his property was fixed by the sale, and at that time Bourgeois was insolvent (article 1985, Civil Code), to the knowledge of defendants; and, it not being shown that the property of Bourgeois had depreciated in value during the intervening period of fifteen days, from the date of the confessions to the date of the sale, and defendants having considered the question of solvency of the debtor at the time of the confessions, the presumption is, in the absence of other evidence as to the solvency of the debtor, that he was insolvent at the time he confessed judgment, and in the absence of any statement of defendants that they did not know of the insolvency of Bourgeois at that time, we think the circumstances warrant the conclusion that defendants knew of the insolvency of the debtor at the time he confessed judgment. (DeBlanc vs. Martin, 2 Rob. 38).

Conceding that the mere confession of judgment by an insolvent debtor for an indebtedness justly due does not, of itself, show an intent to give an unfair preference, or is not, of itself, such an act, within the meaning of the law, under which the creditors of an insolvent debtor are given the right to revoke "all acts done by a debtor with the intent of depriving his creditor of the eventual right he has upon the property of such debtor" (article 1969, Civil Code), however it is a badge of fraud and considered with the evidence showing that the confessions had been procured in view of the fact that the packing company had filed suit against the debtor and in apprehension of the packing company being the first to seize the property of the debtor, and that defendants had immediately proceeded to obtain judgments on the confessions and seize all of the property of the debtor, which was not of sufficient value to pay his debts, and with the fact that Bourgeois had refused to confess judgment on the claim of the packing company, shows, we think, that the confessions were procured and made with the intent and purpose that defendants would proceed expeditiously and seize the debtor's property; and considering that a privilege follows from the seizure, we think it must be held that the confessions were procured and made for the purpose of giving the grocery company and Grady a right to be paid by preference and priority from the insolvent's property over other creditors, and was therefore a constructive fraud and subject to be revoked (articles 1984, 3360, Civil Code; Marx vs. Meyer, supra; Bank of Patterson vs. Urban Co., 114 La. 788, 38 So. 561; Swift & Co. vs. Bonvillian, 139 La. 558, 71 So. 849; Swain vs. Kirkpatrick Lumber Co., 143 La. 30, 78 So. 40, 20 A. L. R. 665; Ventrilla vs. Tortorice, 160 La. 516, 107 So. 390); and we do not think the fact that defendants were willing or offered to share the proceeds with plaintiff, affects the situation.

When sued defendants did not waive the privilege which resulted from the seizure, nor did they ask that the proceeds of the sale of the property be distributed among the creditors, but asserted a right to be paid by preference; and if it be conceded that the confessions were made in order that the property of the insolvent could be ratably distributed among his creditors, defendants asserting a right to be paid by preference, are not in a position to urge such purpose.

The judgment is affirmed.

ODOM, J., concurs.

REYNOLDS, J., dissents.