**LIBERTY SHOP, Limited, v. COLSTON.**

**No. 14274.**

Court of Appeal of Louisiana. Orleans.

Nov. 28, 1932.

See, also, 143 So. 115.

Arthur B. Leopold, of New Orleans, for appellant.

Leo R. Wertheimer, of New Orleans, for appellee.

WESTERFIELD, J.

This is a revocatory action. Plaintiff, the Liberty Shop, Limited, a judgment creditor of Mrs. R. S. Colston, attacks as in fraud of its rights a certain transfer by its judgment debtor of a claim which she had against Mr. and Mrs. H. S. Holden to a corporation styled "Robert Hayne Tarrant, Inc.," citing Robert Hayne Tarrant, Inc., and Mrs. R. S. Colston.

Judgment was rendered in plaintiff's favor setting aside the contract thus assailed and ordering the claim which had been reduced to judgment and seized under a writ of fieri facias to be subject to plaintiff's writ. From this judgment Mrs. R. S. Colston alone appeals.

Appellee contends that since Robert Hayne Tarrant, Inc., the assignee, has not appealed from the judgment below, the court is without authority to consider the case at the instance of the appellant, Mrs. R. S. Colston, the assignor, citing Dumas et al. v. Elizabeth Lefebvre et al., 10 Rob. 399. The authority cited seems to be squarely in point, as appears from the following quotation: "The first question which necessarily presents itself is, whether on the appeal of the vendor, and in the absence of the vendee of property, alleged, in a revocatory action, to have been conveyed by a fraudulent and simulated sale, we can enquire into the correctness of the judgment which annuls such a sale? Or, in other words, whether it is necessary that both defendants in a revocatory action, against whom the fraud and simulation are alleged, and particularly the vendee, who is the principal party defendant in such an action, should be before us, in order to authorize the reversal of the judgment appealed from, in case such should be our opinion; and could we properly maintain the sale as to the vendor, whilst the same should remain annulled as to the vendee?"

The court, after thus stating the question at issue in that case, answered it in the negative, using the following language: "The appellant's co-defendant submitted to the said judgment, and has not appealed; and it seems to us clear that, in the same manner as if this suit had been originally instituted against the appellant alone, without joining the purchaser of the property, the present action should have been dismissed in its inception. The appeal taken by the debtor alone, or against her alone, if the judgment had been the other way, cannot be maintained. * * *"

It is objected that the judgment ordering the claim, the transfer of which has been set aside, subjected to the fi. fa. issued in execution of plaintiff's judgment, is erroneous, and that it should be ordered subject to the claim of all Mrs. Colston's creditors. Article 1977 of the Revised Civil Code in express terms grants to the successful creditor the exclusive right to the funds recovered. Decuir v. Veazey, 8 La. Ann. 453; Townsend v. Miller, 7 La. Ann. 632; Rapides Packing Co. v. Bourgeois, 11 La. App. 251, 123 So. 421. The point, therefore, is untenable.

In view of the Dumas Case and for the reasons given therein, the judgment appealed from will be affirmed.

Affirmed.