Statement of the Case.
MONROE, J.
The present plaintiffs, heirs of Christopher Adams and his wife, heretofore brought suit to recover certain land which had been patented to H. E. Lawrence, but which was shown to have been acquired by Lawrence for the joint account of Adams and himself, and Lawrence’s interest in which was believed to have been acquired at sheriff’s sale by the widow of Adams. The evidence of record, however, consisting of an acknowledgment by Lawrence and sheriff’s deed, describe the land acquired by Lawrence for joint account and by Mrs. Adams as lying in range 12, whereas the land patented to Lawrence lies in range 11. In that condition of the title the defendant, through mesne conveyances, acquired the land, as called for by the patent, from the heirs of Lawrence, and was in possession for something less than 10 years before plaintiffs’ original suit was brought. On the appeal in that suit it was held (quoting from: the syllabus) that:
“Whilst an error in the description of real estate may be corrected as between the parties to the act in which it appears, a different case-presents itself after a third person, acting in good faith, acquires rights to the property erroneously described. The error cannot be corrected to the prejudice of such rights.”
And in concluding the opinion it was said:
“These conclusions would seem to point to the absolute rejection of plaintiffs’ demands; but it is plain that they have been unjustly deprived of their property, and, whilst the evidence before us does not justify us in holding-that the defendants are to blame, the fact that Drews [who is a member of the defendant company, and its immediate author in title, by whom the land was acquired from the heirs of Lawrence] was not examined and did not testify as a witness induces us to leave the matter open for further investigation, should the plaintiffs think proper to avail themselves off the opportunity.”
And the judgment was accordingly made-one of nonsuit. Adams v. Drews, 110 La. 456, 34 South. 602.
The plaintiffs then brought the present suit, upon the trial of which Drews was examined as a witness, and testified that he bought the land in good faith, without notice-of an adverse title, and for a fair price, and went into possession, and that he subsequently sold it to defendant.
Opinion.
As between the former and the present case, the change resulting from the second trial has been for the worse so far as plaintiffs are concerned, since it was not made altogether clear to us in the former case that Drews had acquired in ignorance of the-fact that there had been an error to the prejudice of the plaintiffs in the description of the land, whereas in the present case he has testified positively to that effect, and his. testimony is unimpeached. The learned judge a quo, in the opinion upon which he-bases his judgment in favor of the plaintiffs, says:
*104 “It very clearly appears from the evidence that the misdescription of range in the acknowledgment of Lawrence and the advertisement of the sheriff * * * was a clerical error, and that the land mentioned in this document and this proceeding were the identical lands acquired by Lawrence under the patent. • * * It is very certain from the evidence that Drews’ possession commenced in good faith,” etc.
We fully agree -with our learned Brother in these statements, but are unable to follow him in the conclusion that “the title of the defendant and Drews is reduced to the plea of ten years’ prescription as a possessor in good faith under a title translative of property.”
If Drews, in good faith, acquired, from the patentee or his heirs, lands against which no- adverse title was recorded, he needed no prescription to protect his ownership, and could not have been affected by equities between his vendor and other persons, concerning which the public records afforded no information; nor could his title, nor that of his vendee, thus' originally good, be invalidated by information subsequently acquired concerning those equities.
The defendant (appellant) has filed in this court a plea of res judicata, predicated upon the judgment of nonsuit to which we have referred. We notice the plea only to say that it is not well made.
For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that plaintiffs’ demands be now rejected, and their suit dismissed, at their cost in both courts.