PROVO STY, J.
Plaintiffs bring this suit as forced heirs of their father — that is to say, as quasi creditors of their father — to set aside a tax sale as having been a mere simulation, resorted to by their father for putting the property, a small plantation, beyond the reach of his creditors. The suit is against the adjudicatees at the tax sale and their vendee, Austin. The tax sale was made in 1897, and was duly recorded. The sale to Austin was made in 1902. This suit was filed in 1907. Austin was no party to the simulation, if simulation there was. He bought the property in perfect good faith, for cash, at its full value, relying upon the record. , We are very far from finding that the tax sale was a simulation; but, even if it was, Austin, as one who has purchased in good faith, relying upon the record, is entitled to protection. A purchaser in good faith is entitled to protection, even if he has purchased from the debtor himself. Civ. Code, art. 1981. A fortiori is he entitled to protection if he has purchased from the vendee of the debtor. Hiriart v. Roger, 13 La. 126; Fletcher v. Peck, 6 Cranch (U. S.) 133, 3 L. Ed. 162, cited in Broussard v. Broussard, 45 La. Ann. 1085, 13 South. 699.
Judgment affirmed.