MONROE, J.
This is a petitory action for the recovery of a small tract of land, in the parish of St. Mary, which plaintiff acquired from his father by notarial act, duly recorded, on May 31, 1906. Defendants first filed a general denial, with an “admission” that they are in possession of the land, as owners. By supplemental answer they allege, among other things:
“That, about 23 years ago, Aruns Sorrel, the father of Solange E. Sorrel, sold, transferred, and delivered to Charles A. Hardy, the husband and ancestor of the defendants herein, the tract of land described in plaintiff’s petition. That said property was given in payment of a certain sum of money, which the said Aruns Sor *846 rel was due the said Hardy. That the said Hardy immediately took possession of the property, in good faith, as owner thereof, fenced the same, and ditched it, and, from year to year, improved it, until he finally got it into a state of cultivation. * * * That this piece of property, when sold to the said Hardy, was either transfer-red by verbal sale, or, if there was a written transfer of the same, it was not placed of record and has been lost or destroyed.”
They allege that the pretended sale to plaintiff is a simulation and fraudulent collusion between plaintiff and his father, made for the purpose of defrauding defendants of the property. They pray that they be allowed to call Aruns Sorrel in warranty, that, in the event they are dispossessed, they be allowed to recover the purchase price ($1,500), also the taxes for 23 years, with interest, and $500, as the value of the improvements placed by them on the property.
The call in warranty was allowed, and Aruns Sorrel, for answer, denies that he ever sold the property to C. C. Hardy. He admits that he agreed to sell it to him, and, pending the consummation of the agreement, allowed him to go into possession; but he alleges that Hardy never came forward to sign the deed or pay the price, though repeatedly requested so to do, and that appearer sold the property to plaintiff. He further denies that he owed Hardy $1,500, or any other sum, or ever gave or offered him the property in question in payment of any debt. 1-Ie also denies that the sale to plaintiff was made in fraud.
John H. Pharr & Sons, Limited, intervened in the ease; but, as their intervention was dismissed, and they have not appealed, no further notice need be taken of their pretensions. Defendants filed a supplemental answer praying to be allowed to propound interrogatories on facts and articles to Aruns Sorrel, and, their prayer having been granted (plaintiff’s motion to rescind the order therefor having been denied), and the interrogatories having been propounded, Aruns Sorrel answered, in effect, as follows: He knew C. C. Hardy, who was a storekeeper, and did business with him. He promised to sell him the land in dispute, at (as well as he remembers) $25 an arpent. Hardy went into possession of the land. “He just kept it until the sale was to be made. This he never did. Pie never completed the sale.” The Hardys have been in possession ever since. He sold the land to plaintiff, who has, since then, paid the taxes. As long as deponent was on his plantation, he paid the taxes thereon, including the land in dispute. The land was surveyed after he agreed to sell it to Hardy, and he made no objection to I-Iardy’s going into possession.
It will thus be seen that plaintiff and defendants, alike, claim under Aruns Sorrel. Plaintiff exhibits a title by notarial act, duly recorded, which recites that the sale was made for $632, paid in cash; the fact, as disclosed by the evidence, being that Aruns Sorrel owed money to his son and made a part payment of the debt by transferring the property to him, as he was unable to look after it for himself, and the Hardys, to whom he wanted to give the preference, were unwilling to buy it. There was no effort, on the part of defendants, to show any written title to O. O. Hardy, and the attempt to show that the property was transferred to him in payment of a debt was unsuccessful, as, also, was the attempt to show that the conveyance to plaintiff was either simulated or fraudulent. The last and main contention of the defendants is that the transaction between plaintiff and defendant was a dation en paiement and is void for nondelivery of the property.
Article 2656 of the Civil Code has, however, no application to a case where a third person holds adverse possession of immovable property which is given in payment by public act and the donor of which delivers possession so far as he has it. Civ. Code,
*848 art. 1921. Certainly the defendants in this casé, who hold the property and compel plaintiff to bring this suit in order to obtain possession, cannot be heard to object to his title because of the nondelivery to him of the property so held. In Brown, Adm’r, v. Brown, 30 La. Ann. 966, it was held that (quoting from the syllabus);
“The delivery of immovables, where they are disposed of by public act, is always considered as accompanying the act, whether that act be a sale or a dation en paiement.”
The law is that all contracts affecting immovable property which shall not be recorded in the parish where the property is situated “shall be utterly null and void, except as between the parties thereto,” and that knowledge of such unrecorded contract is not equivalent to its registry and does not affect the rights of the third person, acquiring such property upon the faith of the recorded title. McDuffie v. Walker, 12S La. 152, 51 South. 100.
The learned judge ad hoc, in giving judgment for plaintiff, awarded him $35 a year, from the date of the filing of the suit, as rents and revenues. Kimbrough and McCullough, disinterested witnesses, say that the rental value of one-fourth of the tract, 15.80 arpents, is $4 or $5 an acre, and that the balance has no rental value, and we think that plaintiff, who has asked that the judgment be amended in that respect, is entitled to recover on the basis of the lower figure mentioned, from the time that he demanded possession under his title, or, say, from January 1, 1897.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be amended by allowing plaintiff, as the rental value of the property recovered by him, the sum of $63.20 per annum, from January 1, 1907, until the property shall have been surrendered. It is further decreed that, in all other respects, said judgment be affirmed, at the cost of the defendants.