FOURNET, Justice.
 

 Plaintiffs instituted a petitory action to recover from the defendant possession of a certain tract of land described as follows:
 

 “Also another tract being in the Western portion of what is known as the Crane Tract, beginning on the west of said tract at a point where the lands of J. D. Gourney and F. H. Neal join said tract and run northwest on the line between the Neal and Crane tract the distance of fourteen chains; thence East to the center of the Lake; thence down the drain of said lake to the aforementioned Canal; thence up said Canal and around the margin of the Lake to point of starting.”
 

 The defendant denied he had possession of or claimed the title to the property described in plaintiffs’ petition, and averred that the plaintiffs were seeking to recover property not included in their deed.
 

 On this issue the case went to trial, but in the course of the trial the judge expropria motu suspended the trial and ordered the parish surveyor, H. J. Daigre, to be assisted by G. H. McKnight, surveyor, to make a survey of the property in controversy. The record shows that the survey was made and the procés verbal thereof filed in the record on January 24, 1928.
 

 The plaintiffs filed an amended and supplemental petition alleging that after the survey ordered by the court was completed and filed in the record, they decided to clear up any ambiguity in the descriptions to the property claimed by them and filed suit against their predecessors in title to compel them to reform and correct the deeds to them so that the description of the property
 
 intended
 
 to be conveyed by the said deed should read as therein alleged, and recited a lengthy description, unnecessary to insert here. They also alleged that the land as described in the petition is the identical land described in their original petition but more minutely described.
 

 Defendant filed an exception to the amended petition and a motion to have it stricken from the record upon the grounds that he had not been made a party to the separate suit to reform plaintiffs’ deeds; that the procés verbal of the surveyors had already been filed, and that the issues could not be changed by a new and amended suit. The motion was overruled.
 
 The
 
 defendant
 
 *437
 
 next filed a petition asking that the procés verbal of the surveyors be adopted and made the judgment of the court. He also filed a plea of estoppel upon the ground that the plaintiffs had made their demands upon certain deeds; that they had thus invoked the order of the court to have the dispute settled by a judicial survey of the lands; and that the survey had been made and filed, and plaintiffs were now estopped to present new issues. The petition and plea of estoppel were referred to the merit. The defendant then answered the supplemental petition, setting up, in effect, the same points he had raised in his motion, petition, and exceptions.
 

 On November 7, 1928, exactly one year and four days later, the trial of the case was resumed and the trial judge rendered judgment decreeing that the entire original tract of 205.45 acres (which both the plaintiffs and the defendant had deeds to covering their respective parts thereof) be equally divided between them by running a line east and west from a point on Bayou Jean de Jean, etc., and further ordering H. J. Daigre, parish surveyor, assisted by G. H. McKnight, to establish this division line as described. From that judgment defendant has appealed.
 

 It appears from the record that the titles of plaintiffs and defendant run back to a common author, Joseph W. Swann; that their respective deeds were passed before the same notary on the same day and filed for record at the same hour and minute and recorded at the same time; and that both deeds described the property conveyed by definite courses and boundaries. Plaintiffs’ deed and those of their authors in title describe three distinct parcels of land said to contain 67 acres more or less, and it is the third or last described parcel of land which is in controversy herein. The defendant’s deed and that of his authors in title describe only one tract of land and it is said to contain 70 acres more or less.
 

 The parties are owners of contiguous estates ; neither questions the title of the other; their only difference is the boundary line between them.
 

 On this subject the trial judge said that “the difficulty, as the court views it, is in establishing a line of division between the portion of this tract rightfully belonging to plaintiffs and that rightfully belonging to defendant. * * * ”
 

 The lower court found that the surveyors were unable to complete the survey because of their disagreement as to the intention of the parties when the property was originally deeded By Swann, and had this to say: “These two surveyors, however, Mr. Daigre and McKnight, in testifying upon the witness stand, disclosed the fact that they did disagree when they reached the point ‘G.’
 
 This disagreement,
 
 however,
 
 appeared to be over what was probably the intention of the parties as to where this dividing line should run.
 
 Mr. Daigre’s opinion was that the intention of the parties must have been for the line to run northward up into or around the upper or north lake; whereas, Mr. McKnight’s opinion was that it should turn back southward, retracing the line previously run and around the south lake and back to the point of beginning.
 
 Thus it became a
 
 
 *439
 

 question of interpretation of the intention of the parties.”
 
 (Italics ours.) .
 

 And in disposing of the matter the court concluded that:
 

 “Under article 850 of the Revised Civil Code, it provides that ‘if the titles exhibited do not mention the quantity of land which each person ought to have, or unless it can be established in a legal manner, the limits must be so fixed as to divide the land equally between them.’ It appears to the court that this case comes under the provisions of this article of the Code. The line dividing the tract in dispute between plaintiffs and defendant cannot be legally established from the title deeds of the respective parties. To divide the tract equally, as provided under the Code,
 
 would be in conformity with the apparent intention of the parties originally purchasing.”
 
 (Italics ours.)
 

 If the plaintiffs and defendant in this case had been the original vendees from Joseph W. Swann and had purchased under conditions as testified to by the original vendees, Messrs. Wilkinson and Herrin, we think that the intention of the parties when purchasing would have been binding as to each other; but in this case we have an entirely different situation. The original vendees have parted with their titles, and the property is now in the hands of third parties, who acquired the same in good faith, and under the well-settled jurisprudence of this state have a right to depend upon the recorded title at the time of their purchase. Breaux v. Royer, 129 La. 894, 57 So. 164, 38 L. R. A. (N. S.) 982; Sorrel v. Hardy, 127 La. 843, 54 So. 122; McDuffe v. Walker, 125 La. 152, 51 So. 100; Vital v. Andus, 121 La. 221, 46 So. 217; Adams v. Brownell-Drews Lbr. Co., 115 La. 179, 38 So. 957; Adams v. Drews, 110 La. 456, 34 So. 602; and Broussard v. Broussard, 45 La. Ann. 1085, 13 So. 699.
 

 It is well to note that the surveyors had no difficulty in tracing two of the three parcels of land described in the plaintiffs’ deed and that of their authors in title, and that in doing so, it appears from their procés verbal, as well as from their oral testimony, that they found a well-defined line of survey with fixed points and courses that had been made in 1919 by G. H. McKnight, surveyor. This corroborates the testimony of the defendant, John M. Forrest, i. e., that surveyors had run his lines after he purchased the land in December, 1912. The testimony further shows that the defendant, after purchasing the property, immediately began to build fences and improve the property and that the same has been in his actual physical uninterrupted possession up to the time of this suit.
 

 Two surveyors, McKnight, appointed by the court, and Bradford, described by the trial judge as “an experienced and no doubt competent surveyor,” testified that they can take the defendant’s deed and locate his land. Mr. Bradford testified that the “monuments” are in place and visible and that he used these marks in his interpretation of the deeds taken in conjunction with defendant’s deed and prepared a plat, which is in evidence, showing the property of both parties.
 

 We are unable to find in the record the official plat made by the surveyors whom the court appointed to survey the lands in
 
 *441
 
 volved, and therefore we cannot judge the accuracy of the oral testimony of the surveyors who testified upon the construction and interpretation of the descriptions of the deeds and the procés verbal made by them. Nevertheless, we are convinced from our examination of the record that the plaintiffs’ land can be located in this case by first locating the defendant’s property, which can be done according to the testimony of the two competent surveyors. It appears from the calculations of the surveyors McKnight and Bradford that by making such a survey the plaintiffs would receive the approximate acreage mentioned in their deed, 67 acres, more or less. But the lower court thought that this would be inequitable and
 
 would not be carrying out the intention of the original author in title and his vendees, Wilkinson and Herrin,
 
 and said: “It must be remembered that defendant’s deed calls for only 70 acres, more or less. To give effect to Mr. Bradford’s interpretation and take the 67 acres from the 205.45 acres it would leave the defendant with 137.55 acres instead of 70 * *
 

 The court erred in his deduction. In the first place, the defendant acquired title to this property in good faith and did not have to look beyond the record. Breaux v. Royer, supra. And in the next place, he purchased according to certain definite and fixed -courses and boundaries, and he is entitled to all the land between such boundaries, although it gives him a greater quantity than that called for in his title. Article 854, Civil Code; Passera v. City of New Orleans, 167 La. 199, 118 So. 887; Romero v. Rader, 160 La. 40, 106 So. 667; Marigny v. Nivet, 2 La. 498; Cuny v. Archinard, 5 Mart. (N. S.) 238; Le Breton v. McDonough, 2 Rob. 461.
 

 Every effort possible should have been made to locate the line in controversy, for if a survey of the defendant’s property could establish the boundary line according to his deed that would settle the entire controversy, because it would necessarily fix the line of plaintiffs’ property which is contiguous to and abuts defendant’s land.
 

 It appears to be undisputed that the boundaries of the first two distinct tracts of the plaintiffs have been located without difficulty and three points were established on the division line of the third tract. It therefore appears to us that the defendant’s property can be located in every respect, with the possible exception of the portion which bounds plaintiffs’ property with reference to the property in controversy, which the surveyors found contained about 40 or 50 acres.
 

 We would remand the case for the purpose of having the record completed, that is, have the plat filed by the surveyors with their procés verbal inserted therein, if it would decide the issues herein involved; but we are of the opinion that a new survey should be made with a view of definitely locating defendant’s property if possible, and thereby indirectly establish plaintiff’s lines.
 

 For the reasons assigned, the judgment of the lower court is annulled, and the case remanded for further proceedings consistent with the views herein expressed; the costs of this appeal to be paid by the plaintiffs, all other costs to await the final disposition of the case.