187 So. 321

## CHACHERE et al. v. SUPERIOR OIL CO. et al.

### No. 35130.

Feb. 6, 1939.

R. A. Dowling, Cyril Dumaine, and George Brooks, all of New Orleans, for appellants.

Bruner & Chambers, of Crowley, Liskow & Lewis, of Lake Charles, and F. P. Jones, Jr., of Leesville, for appellees.

FOURNET, Justice.

This is a petitory action to recover a certain tract of land situated in the Parish of Acadia, State of Louisiana, and for an accounting of all of the oil or other minerals extracted therefrom.

Plaintiffs claim title as the descendants and heirs of Theodore C. Chachere, Sr., and of Perena Young, his wife, both deceased. For cause of action they allege that Theodore C. Chachere, Sr., on April 5, 1881, after the death of his wife, Perena Young, in March of the same year, acquired 300 arpents of land with funds belonging to the community formerly existing between them, which was never legally alienated by him during his life time, nor by any of his legal heirs since his demise, but that their said ancestor did execute three pretended sales without consideration which were, in fact, donations in disguise—two on January 18, 1897, one to Jackson Chachere for 80 arpents and the other to Aaron Chachere for 120 arpents, the third being executed on November 1, 1901 to Annie Chachere, for the remainder of the said property.

The defendant George Bradley deraigned his title from Aaron Chachere who acquired the same by the deed from Theodore C. Chachere, Sr., dated January 18, 1897, and the defendant Superior Oil Company is in possession of the property as his lessee. They filed a joint answer admitting the acquisition of the property by plaintiffs' ancestor on April 5, 1881, after the dissolution of the community by the death of his wife during the month previous, and denying all other material allegations set out in plaintiffs' petition. In the alternative they pleaded prescription acquirendi causa of ten and thirty years.

There was judgment in the lower court recognizing the title of George Bradley and dismissing plaintiffs' suit at their cost, and they have appealed.

■ "This being a petitory action, the plaintiffs must rely on the strength of their own title and not on the weakness of the defendants' title, which is not at issue until the plaintiffs have proved an apparent valid title in themselves." Cook v. Martin, 188 La. 1063, 178 So. 881, 882, and the authorities therein cited. See, also, Capra v. Viola, 172 La. 731, 135 So. 41, and Doiron v. Lock, Moore & Co., 165 La. 57, 115 So. 366.

■ It is the well settled jurisprudence of this state that third persons dealing with immovable property have a right to depend upon the faith of the recorded title thereof and are not bound by any secret equities that may exist between their own vendor and prior owners of the land. Broussard v. Broussard, 45 La.Ann. 1085, 13 So. 699; Adams v. Drews, 110 La. 456, 34 So. 602; Adams v. Brownell-Drews Lumber Co., 115 La. 179, 38 So. 957; Vital v. Andrus, 121 La. 221, 46 So. 217; McDuffie v. Walker, 125 La. 152, 51 So. 100; Sorrel v. Hardy, 127 La. 843, 54 So. 122; Breaux v. Royer, 129 La. 894, 57 So. 164, 38 L.R.A.,N.S., 982; Schneidau v. New Orleans Land Co., 132 La. 264, 61 So. 225; Dalbey v. Continental Supply Co., 165 La. 636, 115 So. 807; Coyle v. Allen, 168 La. 504, 122 So. 596; Stamm-Scheele Manufacturing Co., Ltd., v. Fontenot, 171 La. 614, 131 So. 728; Beard v. Nunn, 172 La. 155, 133 So. 429; Caskey v. Standard Oil Company of Louisiana, 181 La. 479, 159 So. 722; Hunter

v. Forrest, 183 La. 434, 164 So. 163; Goldsmith v. McCoy, 190 La. 320, 182 So. 519.

■ Plaintiffs, having alleged that the property was acquired immediately after the dissolution of the community that existed between their ancestor, Theodore C. Chachere, Sr., and his wife, Perena Young, and the several deeds transferring the same subsequently executed by their said ancestor, alleged to be donations in disguise, being on their face perfectly valid, cannot now be permitted to introduce evidence tending to vary the public records after the same has passed into the hands of third parties. We therefore conclude that plaintiffs are without a right or cause of action.

Counsel for plaintiffs, however, in an effort to establish that the property was acquired during the existence of the community between Theodore C. Chachere, Sr., and his wife, Perena Young, contrary to the allegations of plaintiffs' petition, sought by motion before this court to have made a part of the record a certified copy of an act dated July 31, 1897, timely recorded in the conveyance records of Acadia Parish, in which the plaintiffs' ancestor's (Theodore C. Chachere, Sr.'s) author in title (his mother) declared that on or about the 31st day of February 1877, she sold and delivered to her said son, by act of sale, passed before Rudolph C. Sittig, a notary public in and for St. Landry Parish, the property in controversy. The reason therein assigned for the execution of the confirmation sale was that it had been recently discovered that the original

sale had never been recorded and the act could not be found. This was objected to by counsel for defendants as being ultra petitionam and they asked that if the filing be allowed that they be permitted to file a certified copy of the original act of sale, which was recorded at Opelousas in the conveyance records of St. Landry Parish, out of which the Parish of Acadia had been subsequently carved, and which showed that the property was actually transferred on April 5, 1881, as alleged in plaintiffs' petition, and not in 1877 as stated in the act sought to be filed. By agreement of counsel and in the interest of justice, we allowed the filing of both documents, subject to the objection.

The two documents, when read in connection with each other, do not change the situation, but, as a matter of fact, corroborate the admitted allegations of plaintiffs' petition that the property was acquired by their ancestor on the 5th day of April 1881, immediately following the dissolution of the community that formerly existed between their ancestor and his wife, Perena Young, and the statement in the subsequent act that the sale took place on a different date was an obvious error.

Having reached this conclusion, it is unnecessary to pass upon the pleas of prescription of ten and thirty years acquirendi causa.

For the reasons assigned, the judgment of the lower court is affirmed; appellants to pay all costs.

O'NIELL, C. J., concurs in the result on the ground that the prescription of 10 years is a sufficient defense.

O'NIELL, Chief Justice (concurring in the decree).

The doctrine of McDuffie v. Walker, 125 La. 152, 51 So. 100, which is founded upon article 2266 of the Civil Code, has no reference to an unrecorded title acquired by inheritance. It has reference only to contracts and judgments affecting immovable property. It was so decided in Long v. Chailan, 187 La. 507, 175 So. 42. There is nothing contrary to that decision in the prevailing opinion in this case.

I concede, of course, that one who makes a simulated sale of his property will lose it if the person in whose name he has placed the title transfers it to a third party. But I am not so sure that that rule is applicable unqualifiedly to a case where a forced heir is suing to annul a simulated sale made by his ancestor from whom he inherits. In such cases the right of action of the forced heir is founded upon Article 2239 of the Civil Code, which, as amended by Act No. 5 of 1884, reads as follows:

"Counter letters can have no effect against creditors or bona fide purchasers; they are valid as to all others; *but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate.*"

I have italicized that part of the article which was added by the Act of 1884. This addition is the only amendment that was made by the Act of 1884. Before the article was amended it merely provided that counter letters could have no effect against creditors or bona fide purchasers but were valid as to all others.

Inasmuch as the prescription of ten years is a sufficient defense to this suit, I consider it unnecessary to decide whether the doctrine of McDuffie v. Walker, which is merely a restatement of Article 2266 of the Civil Code, is applicable to the case.

I concur, of course, in the opinion that the plaintiffs, by alleging in their petition that their ancestor, Theodore C. Chachere, Sr., bought the land after the death of his wife, have disclosed that they have no right of action as far as their claim by inheritance from Mrs. Chachere is concerned.