GULOTTA, Judge.
This is a dispute involving the occupancy of leased premises. Two of three original lessees (plaintiffs) claim the right of occupancy by virtue of a new lease entered into by them with the lessor to be effective at the expiration of the prior lease period. The remaining lessee (defendant) claims the right of occupancy by the exercise of his option to renew before the expiration of the prior lease period.
The facts are that plaintiffs, Dr. Burr D. Ilgenfritz and Dr. Ronald J. French, and defendant on June 1, 1972 entered into a lease commencing July 1, 1972 for the occupancy of medical offices in Metairie for a period of one year with an option to renew yearly for a period of 10 years.[1]
It was agreed by the parties on March 26, 1973, that a pre-existing partnership agreement entered into on July 1, 1972 would terminate at the end of May, 1973. On March 31, 1973 a new lease was negotiated between the plaintiffs and the lessor without the knowledge of the defendant. On April 4, 1973 Dr. Normann exécuted a new lease on the premises. Both leases are for a term of one year and are renewable yearly for a period of eight years. By letter from defendant’s attorney dated May 25, 1973, defendant notified the lessor that by the new lease he is exercising his right to renew under the terms of the original lease dated July 1, 1972.
It is plaintiff’s contention that a renewal of the lease cannot be effected without a renewal by all of the lessees. They argue that a renewal by the defendant alone is not a valid renewal. According to plaintiffs, since no unanimous renewal has been exercised, the new lease entered into by them with the owner dated March 31, 1973, is valid and binding; and, accordingly, they are entitled to occupancy.
Defendant, on the other hand, insists that each lessee has the right to exercise the option to renew and a new lease cannot be entered into with plaintiffs when one of the lessees has exercised the option to renew before the expiration date for the exercise of that right. Dr. Normann argues, therefore, that since the new lease is not valid and plaintiffs failed to exercise the right to renew within the stipulated time, he alone is entitled to occupancy. Alternatively, he suggests he is entitled to at least one-third occupancy.
We agree, as contended by defendant, a new lease cannot be validly entered into (either with the plaintiffs or third parties) to the prejudice of the right of a lessee to renew prior to the expiration of the time to exercise that right.
In the case of Magnolia Petroleum Co. v. Carter, 2 So.2d 680 (La.App.2nd Cir. 1941), the facts were similar to our own. There, the plaintiff (lessee) had an option to renew the lease on the same terms and conditions for a period of five years on or before the expiration of the term of the lease. The lessor wished to terminate lessee’s lease, as lessor had signed a lease for the same property with lessee’s subtenant. The Court held that the option had been *444 exercised by the lessee and the lease was automatically renewed. The Court then went on to discuss the validity of the lease signed between the lessor and plaintiff lessee’s subtenant. The Court stated:
“The relation of landlord and tenant between plaintiff and Terrill [landlord] not having terminated, the latter was wholly without right to validly lease the property to any one, especially to defendant whose occupancy was and is through contractual relation with plaintiff. The effort to circumvent plaintiff’s right as original lessee and as lessor of defendant was wholly abortive in legal contemplation and to no extent did it work any alteration in the respective rights and obligations previously prevailing between the parties.”
 The lease in the instant case was entered into with each lessee individually. Each lessee has the right to renew. In such instances, the right of renewal is not dependent on the exercise of that right by all lessees. The right of each is implicit within the terms of the lease.[2] We cannot say, as contended by plaintiffs, all had to act jointly because of the use of the singular word “lessee” in the lease. We place no significance on the inadvertent use of the word “lessee” instead of “lessees”.
It is our conclusion that Dr. Nor-mann exercised the right of renewal for one year to commence on July 1, 1973 and to terminate June 30, 1974 and is entitled to occupancy of the premises.
However, plaintiffs contend because the new lease was recorded, it takes precedence over an unrecorded renewal or lease. We find no merit to this argument. The effect of recordation is to place third parties on notice of the existence of a sale, lease, contract or judgment. See LSA-C. C. 2266; McDuffie v. Walker, 125 La. 152, 51 So. 100 (1909); Sorrel v. Hardy, 127 La. 843, 54 So. 122 (1910); Hasslocher v. Recknagel, 160 So.2d 421 (La.App.2nd Cir.1964). It cannot serve as a means of depriving a lessee of a pre-existing right to renew. Dr. Normann is not a third party as contemplated under the codal provisions.
Finally, we are confronted with whether plaintiffs are entitled to a right of occupancy. While the new lease entered into by plaintiffs cannot be accorded validity to the prejudice of the exercise of the option to renew by any remaining lessee, nevertheless, it suffices as a renewal by these lessees (plaintiffs, in this case). We hold, as did the trial judge, that plaintiffs have exercised their right to renewal and are entitled to occupancy also. The trial judge concluded each lessee is responsible for the payment of one-third of the monthly rent and the occupancy on particular days of each week for each of the lessees.[3] We find no error. The judgment is affirmed. Costs are to be paid by plaintiffs-appellants.
Affirmed.
SCHOTT, J., dissents with written reasons.
MORIAL, J., concurs with written reasons.

. Among other things, the lease dated June 1, 1972 stated as follows :
“Suit ‘F’ — 2nd Floor as per jjlans for use as offices of a Business Office for a term of one (1) year to commence on the 1st day of July, 1972, and terminate on the 30th day of June, 1973, at an annual rental of $4,980.00 payable in equal monthly installments of $415.00 in advance, commencing on the 1st day of July, 1972, and on the same day of each month thereafter for the duration of this Lease at the office of the Lessor or its agent. Lessee may renew lease on a yearly basis at a rate of $415.00 per month or an annual rate of $4,980.00 for a period of ten (10) years." (emphasis ours) The lease contains no other provision regarding renewal other than that stated above.

. “Lessee may renew lease on a yearly basis at a rate of $415.00 per month or an annual rate of $4,980.00 for a period of (10) ten years.”

. The defendant will have occupancy on Tuesday and Thursday. The plaintiffs will have occupancy on Monday, Wednesday, Friday and Saturday.