WILLIAMS, Judge.
Plaintiffs Fred Gordon and State Farm Mutual Automobile Insurance Company, as judgment creditors of Haywood Culbertson and plaintiff, Speede Ford, Inc., as judgment creditor of Haywood Culbertson and Sue Willie Culbertson, jointly filed this suit. Plaintiffs allege Haywood Culbertson and his mother, Sue Willie Culbertson, entered into a fraudulent conspiracy to transfer immovable property owned by them to Haywood Culbertson’s daughter, Charlotte Nell Fitzgerald, in order to screen it from being subject to money judgments obtained by plaintiffs. Other defendants named are Gerald Lee Stone, a third party purchaser of immovable property from Charlotte Nell Fitzgerald and Charles Lee Davis, vendor of immovable property to Charlotte Nell Fitzgerald. From a judgment dismissing plaintiffs’ demands, this appeal was perfected.
The record discloses the following facts: On October 15, 1969 Sue Willie Culbertson, a widow, and her son, Haywood Culbertson, owned in equal proportion, a residence and plot of ground near Minden. Haywood Culbertson’s interest was subject to his mother’s usufruct. He needed money and persuaded his mother to join him in executing a mortgage on the property to secure a loan to him for $2,000. In November, 1969 Culbertson became involved in an automobile accident with Fred Gordon. A suit was filed by Gordon on January 13, 1970 against Culbertson for damages. Gordon’s collision insurer, State Farm, also filed suit for damages Culbertson had caused to their insured car. Each suit resulted in judgments for plaintiff.
Speede Ford, Inc. sold Culbertson a car on credit. He and his mother signed a note representing the balance due, after which he defaulted on his payments. On April 23, 1970, Speede Ford filed a foreclosure suit against Culbertson and Sue Willie Culbertson seeking a deficiency judgment. On March 11, 1971 Speede Ford obtained a judgment for the balance due on the car note against Culbertson and his mother. The instant suit was filed by the three plaintiffs April 1, 1971. In the interim certain conveyances were undertaken by Culbertson, Sue Willie Culbertson and Charlotte Nell Fitzgerald.
On January 19, 1970 a deed was signed by Culbertson conveying his interest in the jointly owned property to his mother. The consideration recited was her assumption of the payment of the outstanding mortgage indebtedness.
*403 Following this transfer Mrs. Culbertson executed a deed dated April 8, 1970 to her granddaughter, Charlotte Nell Fitzgerald, wife of Roy Fitzgerald, reciting a consideration of $3,250 cash. The evidence shows no money was actually paid by Mrs. Fitzgerald. The property was then listed by her with a local realtor and on June 8, 1970 she and her husband executed a deed of the property to Gerald Lee Stone for a consideration of $12,500 cash. Stone obtained these funds by making a loan from an investor and securing same by a mortgage on the property. In due course the note securing this loan was transferred to Bossier First Federal Savings & Loan Association which institution was made defendant by an amended petition. Stone did not know Culbertson or his mother and knew nothing of the suits pending against them. From the funds received, Mrs. Fitzgerald paid part of the expenses of the sale to Stone and paid off the mortgage placed thereon by Sue Willie Culbertson and Haywood Culbertson. The net balance she received was $7,700, which she deposited in a bank and on June 9, 1970 obtained a deed from Charles L. Davis for a lot in Springhill, La. This deed recites a consideration of $2,000 cash and the balance represented by Mrs. Fitzgerald’s assumption of a mortgage secured by this property in favor of the Veterans Administration. The remaining funds Mrs. Fitzgerald withdrew from the bank and gave to her grandmother, Mrs. Culbertson. Following the purchase of the Springhill property, Charlotte Nell Fitzgerald’s grandmother, Mrs. Culbertson, and father, Haywood Culbertson, have resided in the residence thereon. Mrs. Fitzgerald does not live on this property and monthly payments on the mortgage are paid by Haywood Culbertson, whose only income is from workmen’s compensation and social security payments.
At the trial Charlotte Nell Fitzgerald testified she knew nothing of her father’s accident or the subsequent suits. Her testimony regarding title to the Springhill property in part is as follows:
“Q. Who, Mrs. Fitzgerald, although the title to the property is in your name in Springhill, who is the actual owner of that property in Springhill ?
“A. Well, I thought I was.
“Q. Your grandmother doesn’t own this property ?
“A. No, she doesn’t.” (Tr. p. 194-195)
The facts clearly reveal Stone’s purchase of the Minden property was in good faith. In discussing this, the trial court in its opinion clearly and correctly stated Stone’s legal position, which we quote:
“ * * * However, Gerald Lee Stone was not shown to have had any knowledge whatsoever of the fact that the consideration in the deed from Mrs. Culbertson to her granddaughter was not paid and in this Court’s opinion he is a purchaser in good faith on the face of the public records and is entitled to be protected in his ownership.
“The case of Vital, et al. vs. Andrus, et al. (1908) 121 La. 221, 46 So. 217, is very similar to the present case. In that case the plaintiffs brought suit as forced heirs of their father, — that is to say, as quasi creditors of their father — to set aside a tax sale as having been a mere simulation resorted to by their father for putting the property, a small plantation, beyond the reach of his creditors. The suit was filed against the adjudicatees at the tax sale and their vendee, named Austin. The tax sale was made in 1897 and duly recorded, the sale to Austin was made in 1902 and the suit was filed in 1907. The Court said, in holding that the plaintiff could not prevail.
“ 'Austin was no party to the simulation, if simulation there was. He bought the property in perfect good faith, for cash, at its full value, relying upon the record. We are very far from finding that the tax sale was a simulation; but, even if it was, Austin, as one who has purchased in good faith, relying upon the record, is entitled to protection.’ ”
*404 “In the case styled Chachere, et al., vs. Superior Oil Company, et al, (1939) 192 La. 193, 187 So. 321, plaintiffs were the heirs of Theodore C. Chachere, Sr., who alleged that their father during his lifetime executed three pretended sales without consideration, which were, in fact, donations in disguise and sought to recover these lands. One of the three sales was to Aaron Chachere, who sold the property to defendant, George Bradley. In holding that plaintiffs could not prevail against either Bradley or Superior Oil Company, his lessee, the Supreme Court stated:
* * It is the well settled jurisprudence of this State that third persons dealing with immovable property have a right to depend upon the faith of the recorded title thereof and are not bound by any secret equities that may exist between their own vendor and prior owners of the land.’
“The Court cited numerous cases, including Broussard v. Broussard, 45 La.Ann. 1085, 13 So. 699, McDuffie v. Walker, 125 La. 152, 51 So. 100 and Vital v. Andrus, supra.”
In connection with the Springhill property the judgment creditors seek by parol evidence to bring into the estate of the judgment debtors. Mrs. Culbertson and her son, Haywood Culbertson, real estate that has never formed any part of it. Our courts have clearly laid down the legal rules applicable here. In Hoffman v. Ackermann, 110 La. 1070, 35 So. 293 (1903) the court, on rehearing, stated:
“The rule is not without its exceptions, and among them are the familiar examples where a creditor seeks by the revo-catory action or the action en declaration de simulation to bring back into the estate of the debtor property which the debtor has fraudulently transferred; but this court has steadily refused to recognize as an exception to the rule the case where the purpose is to bring into the estate of the debtor real estate that has never formed any part of it.” [35 So. 293, 295]
Similarly, in Harvey v. Richard, 200 La. 97, 7 So.2d 674, the court held:
“ * * It is axiomatic under the law and jurisprudence of this state that parol evidence is inadmissible to create a title in one who never owned the property * * * ’ (Ceromi v. Harris, 187 La. 701, 175 So. 462, 464, and the authorities therein cited), except where the record owner confesses when interrogated under oath that the property belongs to the claimant, and, in those instances, only when actual delivery of the property has been made to the claimant. Articles 2275, etc., of the Revised Civil Code. See, also, Bach v. Hall, 3 La. 116; Hagan v. Hart, 6 Rob. 427; Bauduc v. Conrey, 10 Rob. 466; Marionneaux v. Edwards, 4 La.Ann. 103; Heiss v. Cronan, 12 La.Ann. 213; Wright-Blodgett Co. v. Elms, 106 La. 150, 30 So. 311; Ruth v. Buwe, 185 La. 204, 168 So. 776; 2 L.L.R. 387; and 3 L.L.R. 427.” [7 So. 2d 674, 677]
Charlotte Nell Fitzgerald’s testimony was given without any objection made. She denies ownership in any other than herself. Application of the legal principles as above stated require the rejection of the parol evidence given to transfer title from Mrs. Fitzgerald to any other person, which leaves this part of plaintiffs’ case without proof. It is therefore dismissed.
For the reasons assigned, the judgment of the trial court rejecting all of plaintiffs’ demands and dismissing their suit is affirmed at appellants’ cost.