ALFORD, Judge.
This is an appeal from a judgment denying intervenor, Ted Ray Juban’s, request for a preliminary injunction. Mr. Juban sought to enjoin plaintiff, Tuscaloosa Commerce Bank (Tuscaloosa) from foreclosing on a mortgage against defendant, Grady Bullock.
FACTS
On October 27, 1982, Mr. Bullock purchased a certain piece of property from Mr. Juban. A deed was prepared and filed in the public records which recited that Mr. Juban acknowledged receipt of the consideration for the sale.
In January of 1983, Mr. Bullock decided to make improvements on the property and secured a loan from Tuscaloosa to make these improvements. In order to obtain the loan, Mr. Bullock was required to place a mortgage on the property in favor of Tuscaloosa.
Mr. Juban contends that Mr. Bullock never paid any consideration for the property and in December of 1983, Mr. Juban filed suit against Mr. Bullock to rescind the sale based on a failure of consideration. On May 24,1984, Mr. Juban obtained a default judgment against Mr. Bullock which returned the ownership of the property to Mr. Juban. However, Mr. Bullock took a suspensive appeal, and this court dismissed the appeal after it was determined that the default judgment appealed from was declared null in August of 1984. Juban v. Bullock Enterprises, Inc., et al, 482 So.2d 1100 (La.App.1985).
In the meantime, Mr. Bullock became delinquent on his loan payments to Tuscaloosa and in April of 1984, Tuscaloosa seized the property after filing executory proceedings. Mr. Juban then sought to intervene in the foreclosure proceeding, alleging that he was the owner of the property. Mr. Juban was granted a temporary restraining order to stay the sale of the property. At the hearing for the preliminary injunction, the trial court held that Mr. Juban was not entitled to such an injunction, stating:
The Court finds that at the time the mortgage foreclosed upon by the bank was confected, the public records showed only an authentic act of sale from Ted Ray Juban to Grady Bullock Enterprises, Inc., reciting payment of a cash consideration for this property. The subsequent suit filed by Juban seeking to rescind the sale was not filed until almost a year subsequent to this mortgage. The Bank has asserted that the default judgment obtained by Juban against Bullock does not affect the Bank’s interests in the property, as the Bank was not a party to this litigation. The Court concurs with this position, noting further that a sus-pensive appeal has been perfected from the default judgment and it is not effective as to the rights involved in the present action in any event. The Court further finds that the Bank is entitled to rely upon the public records, which indicated that Bullock was the owner of the property, had paid cash for it, and there were no other rights or claims asserted as of the time the mortgage was confect-ed. Therefore, the Court finds that Ju-ban is without right to enjoin proceedings to foreclose upon this mortgage.
*222 The trial court awarded Tuscaloosa $2,502.58, in damages, for the wrongful issuance of the TRO.
On appeal, Mr. Juban contends that the trial court erred in not granting the preliminary injunction to stay the Sheriffs sale pending determination on the merits as to whether he was entitled to claim the land as true owner.
DISCUSSION
Mr. Juban contends that the trial court erred in not following La.Code Civ.P. art. 1092. Article 1092 states that the trial court may grant injunctive relief to a third person claiming ownership of, or a mortgage or privilege on, property seized. We note that this article is permissive in nature and vests the trial court with much discretion.
It is well settled that a third party is entitled to rely upon the public records, and the recitations of parties to an authentic act. La.Civ.Code art. 2286 (now 1835), Chachere v. Superior Oil Co., 192 La. 193, 187 So. 321 (1939). In denying Mr. Juban’s request for a preliminary injunction, the trial court held that Tuscaloosa was entitled to rely upon the public records which indicated that Mr. Bullock was the owner and had. paid cash for the property. For this reason, the trial judge correctly denied Mr. Juban’s request for a preliminary injunction. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are to be borne by appellant, Ted Ray Juban.
AFFIRMED.