PRO YO STY, J.
In January, 1905, Mrs. Stringfellow, wife of H. C. Stringfellow, and Miss Robinson, owners in indivisión of the Cotton Point and Grand Bend plantations, executed two mortgages on said plantations— a first mortgage in favor of A. N. Sample for $57,330, and a second in favor of Ardis & Co. for $15,762.
Said plantations are described in the act of the mortgage by the numbers of the sections and fractions of sections composing them, according to the maps of the United States surveys, and are said to contain 3,800 acres. Among the fractions of sections included in the description of the Cotton Point plantation is the N. % of the N. W. % of section 10, township 14, range 11, containing 80 acres. ~~
This 80 acres did not belong to the mortgagors, but to the husband of one of them, Mr. Stringfellow, and in reality formed no part of said plantation.
In July, 1906, Mr. Stringfellow mortgaged same to the plaintiff company.
In January, 1908, he and his wife and Miss Robinson joined in an act of giving in payment by which they conveyed the two plantations (including the said 80 acres) to A. N. Sample in satisfaction of the said first mortgage of $57,330.
In the instant suit the plaintiff company has cited O. H. P. Sample, who now- holds the Ardis & Co., or $15,762, second mortgage, A. N. Sample and H. C. Stringfellow, and asks that its said mortgage be recognized and enforced, and be decreed to be paramount to the $15,762 mortgage of O. H. P. Sample, for the reason that the latter mortgage in so far as said 80 acres are concerned, and as against third persons, is null; it not having been given by H. C. 'Stringfellow, the owner of the said 80 acres.
To this the defendants answer that H. C. Stringfellow authorized his wife to mortgage the property; in other words that she did so as his agent, and that, therefore, the case stands just as if he himself had acted.
The issue thus made is one of fact, to be determined from the evidence in the case.
The record contains no evidence on the subject, except that which is to be found in the act of mortgage itself. Forming part of this act of mortgage is the petition which Mrs. Stringfellow presented to the judge to obtain his authorization to execute the mortgage. In this petition the two plantations are described precisely as in act of mortgage (i, e., including this 80 acres), and it is alleged that Mrs. Stringfellow “is owner, in her own separate, paraphernal right of an undivided half,” of the property thus described, and that she desires to mortgage her said interest. The act of mortgage declares that the property mortgaged is the same which the mortgagors acquired from Mrs. G. W. 'Stringfellow; and it makes no mention of H. G. Stringfellow except as follows:
“Came and appeared Miss Georgie Robinson and Mrs. Howard O. Stringfellow, wife of Howard O. Stringfellow, herein joined, aided and authorized by her husband.”
From the foregoing the only possible conclusion is that the participation of the husband in the act was solely for the purpose of giving his marital authorization to the contract of his wife, that there was no inten *1019 •tion that she should mortgage any other •property than her own, and that this 80 acres of land was included in the mortgage either through mistake or because it was at that time erroneously supposed to form part of the plantation. A mistake of this kind easily occurs in a long description by numbers of sections and fractions of sections, and the probability of a mistake in the present ease is all the greater from the fact that this 80 acres is in the center of the plantation, which is a large tract of land; it and Grand Bend containing together, as already stated, 3,800 acres. As to the land having been supposed- to be part of the plantation, that is hardly probable in view of the fact that at that time it was in process of acquisition by H. O. Stringfellow under the federal homestead law,
. The act being one which on its face professes to relate exclusively to the wife’s contract and to the wife’s property, its recordation cannot be said to have operated the •registry of a mortgage upon the property of the husband. Hence it cannot affect third persons subsequently accepting a mortgage upon the property of the husband. The husband himself is bound by it, on the principle that one who signs, even as a witness, an act creating a mortgage upon his property, is estopped from contesting the mortgage; but this estoppel cannot be extended to third persons dealing with the property. Rev. Civ. Code, art. 3342; Brian v. Bonvillain, 52 La. Ann. 1794, 28 South. 261.
Judgment affirmed.