(99 South. 587)

No. 24200.

## TONGLET et al. v. CHOPIN.

(Feb. 18, 1924. Rehearing Denied by Division A March 24, 1924.)

*(Syllabus by Editorial Staff.)*

1. Mortgages ⬅➡37(2)—Parol evidence held inadmissible to show that real sale with right of redemption was mortgage.

In a suit to have an act of sale with right of redemption declared a simulation and a mortgage in disguise, and to compel defendant to account for the fruits and revenues of the property, the petition not charging error or fraud on defendant's part, parol evidence was not admissible to show that the contract was different from what it purported to be, which was a real sale with right of redemption, as authorized by C. C. arts. 2567 et seq.

2. Husband and wife ⬅➡265½, New, vol. 14A Key-No. Series—Husband held estopped from contesting title of wife's vendee where he authorized sale.

Where a sale of realty to a married woman by her brother was accepted by her with the assistance and authorization of her husband, and a sale by the wife to defendant was passed with the aid and authorization of her husband, both acts being signed by him, the husband was estopped from contesting the title of defendant on the ground that an acquisition during community in the name of either of the spouses will be presumed to inure to the benefit of the community, so as to entitle the husband to have

the sale to defendant set aside as far as his interest was concerned.

**3. Mortgages ⚖═37(2) — Sale of realty with right of redemption could not be shown by parol to be antichresis.**

A contract of sale of realty with right of redemption *held* not subject to be construed as a contract of antichresis by the aid of parol evidence which would contradict the written terms of the act of sale, and create an antichresis without being reduced to writing in contravention of the definition of that contract in C. C. art. 3176.

Appeal from Civil District Court, Parish of Orleans; H. C. Cage, Judge.

Suit by Mrs. Mary M. J. Tonglet and husband against Peter A. Chopin. Judgment for defendant, and plaintiffs appeal. Affirmed.

Girault Farrar and Maurice R. Woulfe, both of New Orleans, for appellants.

Frank Wm. Hart, of New Orleans, for appellee.

By Division B, composed of DAWKINS, LAND, and LECHE, JJ.

LECHE, J. On October 13, 1914, Mrs. Mary M. J. Tonglet, duly authorized and assisted by her husband, F. J. Tonglet, sold to defendant, Peter A. Chopin, two certain lots or portions of ground situated in the city of New Orleans, for a cash consideration of $4,085, and in further consideration of vendee's assuming to pay paving privileges amounting to $169, as well as all state and city taxes with which the property was burdened when the sale was passed. The act of sale contains the following clause:

"The right is hereby reserved to the vendor to redeem the hereinabove described and conveyed properties at any time prior to March 1, 1915, upon reimbursing the purchaser the amount of the purchase price, plus the amount advanced by him to pay the taxes for 1914 and paying liens against said properties, also plus all expenses incurred by him, resulting from necessary repairs to said properties, in connection with rat-proofing or otherwise, also plus expenses which have attended this sale, and also plus the price of improvements which have increased the value of the properties, up to that increased value, with 8 per cent. per annum interest on each of said amounts, except the purchase price, from date of the respective payments."

The present suit, filed August 13, 1919, was brought by Mrs. Tonglet and her husband to have the above-described act of sale with right of redemption declared a simulation pure and simple and a mortgage in disguise; to have petitioners recognized as owners of said properties, and to compel defendant to account for the fruits and revenues of the same.

There are several houses upon the property in suit, all of which, with the exception of the one in which plaintiffs resided, were occupied by various tenants. Defendant at once took possession and began collecting rent from all the occupants except plaintiffs, whom he permitted to remain in their home free of rent until the expiration of the time allowed for redemption. After that time, March 1, 1915, plaintiff also paid rent to defendant at the rate of $14 per month. Defendant's possession is not seriously denied. In fact, it is inferentially admitted by the allegations and prayer of plaintiff's petition. It is also conclusively shown that the price paid by defendant, far from being vile, was as great as the property was worth, and that defendant, notwithstanding the cost of improvements he had made upon the property, had begun to negotiate a sale of the same a few days before the present suit was instituted for the price of $5,000.

[1] The petition does not charge error or fraud or deception on the part of defendant, and there is no reason in law why plaintiffs should be permitted to show by parol evidence that the contract contemplated by the parties was different from what it purports to be, that is, a real sale with right of redemption as authorized by C. C. arts. 2567 et seq.

There are many adjudications by this court

holding, certain sales with right of redemption to be mere contracts of security, and not intended as bona fide sales translative of the ownership of property, but in every one of these cases there appeared continued possession on the part of the vendor, a vile consideration, fraud, or an attempt to evade some law founded on public policy. But the present case presents no such feature, and our opinion is that the contract of sale herein sought to be declared simulated is real, and evidences the actual intent of the parties.

[2] The title to the property involved in this suit is shown to have been acquired in part by Mrs. Tonglet by inheritance from her father and mother and in part by purchase from her brother. The last acquisition was made during the community in the name of Mrs. Tonglet, and, availing himself of the presumption that acquisitions made during the community in the name of either of the spouses inure to the benefit of the community, the husband now seeks to have the sale to defendant in so far as his interest in the property is concerned declared null and void. But that presumption cannot arise in favor of the husband in this case. The sale to Mrs. Tonglet by her brother was accepted by her with the assistance and authorization of her husband, and the sale by Mrs. Tonglet to defendant was also passed with the aid and authorization of her husband, both acts being signed by her husband. The husband is therefore estopped from contesting the title of defendant. Taylor v. Sample, 122 La. 1016, 48 South. 439, 28 L. R. A. (N. S.) 289; Nuss v. Nuss, 112 La. 265, 36 South. 345.

[3] In the brief filed by plaintiff after the case had been submitted, it is suggested that the contract of sale in this suit may be construed as a contract of antichresis. We have already expressed our views to the effect that the act is in reality what it purports to be, that is a sale with the right of redemption. It could only be construed as an anti-chresis by the aid of parol which would contradict the written terms of the act, and which would create an antichresis without being reduced to writing in contravention of the definition of that contract in article 3176 C. C.

We believe the judgment rejecting plaintiffs' demand is correct, and should be affirmed; and it is so ordered.

Rehearing refused by Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.