*158
 
 ST. PAUL, J;
 

 Frank Beard, husband of Maggie Wells Beard, sold the land in controversy herein to the Bank of Zowolle, during the life' of his wife, to wit, by public act dated August 6, 1924.
 

 On September 9, 1925, the bank registered its deed, and on September 23, 1925, sold -the land to one W. L. Winders, through whom defendants claim.
 

 Meanwhile, to wit, on January 5,1925, Mrs. Maggie Wells Beard, wife of Frank Beard, had died, leaving as her sole heirs the plaintiffs, who now claim a one-half interest in the lands as heirs of their mother.
 

 In substance plaintiffs’ contention is that the purported sale to the bank was not a real sale, but only a pignorative contract intended as additional security to secure a loan to -the bank and for which the bank had a mortgage on the land. But the deed, on its face, is an outright sale for cash in hand paid.
 

 The plaintiffs attempted to make good their contentions by offering to prove (1) that Frank Beard continued in possession of the land after the alleged sale to the bank and until the bank sold to Winders; (2) that he continued to pay interest to the bank on the loan long after the death of his wife, to wit, until August 25, 1925 ; (3) that the bank never formally accepted the sale by resolution of its board of directors until August 25, 1925; (4) that the land continued to be assessed in the name of Frank Beard, and that the bank paid the taxes thereon for the year 1924 in the name of Frank Beard, and took and' recorded a subrogation for those taxes against Beard; (5) that the bank’s mortgage remained of record and was not paid until August 25, 1925 (by formal acceptance of the deed on that day), or canceled from the record "until September- 23, 1925 (the day on which Winder purchased); and (6) that in November, 1924 (before the death of his wife, but after the alleged sale to the bank), Beard executed and recorded an oil, gas, and mineral lease on part of the land.
 

 I.
 

 The trial judge refused to admit any of -this evidence, and gave judgment for the defendants; from which judgment plaintiffs appeal. And the only matter before us is whether the judge was correct in excluding evidence.
 

 II.
 

 We think he was. There was no need for a formal acceptance of the deed of sale by the bank, for the payment of the price of sale was a full acceptance thereof; -indeed we cannot conceive of a more complete acceptance of a sale than by payment of -the price Stipulated. Cf. Lepine v. Marrero, 116 La. 941, 41 So. 216, overruling Hutchinson v. Rice, 109 La. 29, 33 So. 57. And when the vendor acknowledges, in the very act of conveyance, the receipt of the price, that is conclusive: especially as to third persons, and still more especially when that acknowledgment is by public act. R. C. C. art. 2237.
 

 III.
 

 In Latiolais v. Breaux, 154 La. 1006, 1008, 98 So. 620, we recognized that, even when the sale was made with right of redemption, the right to treat as a pignorative contract instead of what it purported on its face to be, to wit, a vente a remere, was confined to the parties to the contract. In the long lino of cases there mentioned there is not one in which a party was permitted to show this to the prejudice of third persons.
 

 
 *160
 
 We there said that the leading case on that subject was Marbury v. Colbert, 105 La. 467, 29 So. 871. And in that case Mr. Justice Provosty, in his dissenting opinion (29 So. 872), pointed out that it was going very far indeed to permit such actions, even between the parties, without a counter letter between them. But be that as it may, it would be subversive of all the fundamental rules of property to hold that third persons taking deeds at their face value should be subject to secret equities between their own vendor and prior owners of the land. And certainly, where this would not be permissible in the case of sales giving a right of redemption, it would still less be permissible in a case where the sale grants no such right, but on the contrary purports to be an outright and unredeemable sale. In other words, there would be no security whatsoever for purchasers of real estate, if they were not entitled to rely upon the title deeds to such property, as being exactly what they purport to be.
 

 In this case defendants acquired from Winders, who held by a perfect deed from the bank, and the bank in turn held what purported to be a perfect title from Beard, showing on its face that Beard had sold the land to the bank during the lifetime of his wife and for a cash consideration which he acknowledged to have received in full.
 

 Under the circumstances we think that these defendants are fully protected, and plaintiffs should not be permitted to adduce evidence to show that the sale to the bank, regular on its face, was not a sale at all but only a pignorative contract or mortgage, as it were.
 

 We do not think that AVinders was at all concerned with the fact that the bank had not registered its deed until the very day on which it sold the property to him. That meant merely that he took the property subject to any prior alienation or incumbrance Beard might have put on the property. Nor can we see wherein he was concerned with mortgages apparently resting on the property whether in favor of the bank or of any other person; he was not obliged to' look beyond the deed which the bank held, and which on its face was a valid conveyance by Beard.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.