FOURNET, Justice.
 

 T. L. Caskey sold the land in controversy to James Houston, his father-in-law, on the 22d day of November, 1893. His wife, Mrs. Emma Houston Caskey, died on the 16th day of December, 1893. On November 22, 1897, four years after the execution of the said deed and nearly four years after the death of T. L. Caskey’s wife, the said deed was recorded, and on December 10, 1897, James Houston executed a deed to the same property and for the same consideration, $500, to J. H. Cox, which was registered and recorded on the 26th day of January, 1898. On the 24th day of April, 1919, the same property was deeded by Cox for the same consideration of $500 to T. L. Caskey. On the 2d day of May, 1919, Cox and Caskey filed a joint affidavit wherein Cox declared that he is the identical person who purchased from James Houston the property in controversy, and that he sold the same two hundred acres of land to T. L. Caskey, and we find the following additional paragraphs in said affidavit, to wit:
 

 “That said T. L. Caskey had originally owned said land having acquired same from Andrews and other by deed dated August 25, 1892, deed to which is recorded on page 62 Yol. ‘Q’ of the Conveyance records of Clai
 
 *482
 
 borne Parish; that after the purchase from Andrews and others as mentioned, he became indebted to Atkins & Wide-of Arcadia, Bienville Parish,' Louisiana, and that judgment was executed against said T. L. Caskey, and that this affiant, J. H. Cox, took up said judgment and indebtedness, as indicated by statement now in possession of this affiant J. H. Cox, and which reads as follows: ‘Arcadia, La., Mch. 3d, 1895; Drew Ferguson, C. D. C., Please transfer for value received, judgment of Atkins & Wideman against T. L. Caskey, to J. H. Cox, we agree to subrogate the said J. H. Cox, to all our rights in said judgment. (Signed Atkins & Wideman).’
 

 “That after the said transfer of judgment as shown above, said land was seized and sold thereunder, and appears to have been deeded by the Sheriff, to A. L. Atkins, under date of Jan. 29th, 1S96, and deed recorded on page 217 of Vol. ‘R’ of the Conveyance Records of Claiborne Parish; said deed and sale under the judgment named being in an endeavor to perfect the title to said land in this affiant, J. H. Cox, but that said A. L. Atkins never took •possession of said land, nor has he ever asserted claim of title thereto, but that said land was supposed to have been deeded to this affiant, J. H. Cox.
 

 “Also at the same time and place came and appeared T. L. Caskey, who being duly sworn states that all the facts and statements here•in made are true, and that he is the present .owner of said land and is the identical T. L. Caskey who owned said land at the time of the sale by the Sheriff to A. L. Atkins herein mentioned.”
 

 The plaintiffs being two of the surviving children of Mrs. Emma Houston Caskey, wife of T. L. Caskey, who died on December 16, 1893, claim as heirs of their deceased mother an undivided
 
 y±2
 
 interest in and to said property each, and as heirs of' their deceased brother, Augustus, who survived his mother, dying in the year 1906, an additional
 
 y2i0
 
 each. They contend that, while the deed by their father to James Houston on its face purports to be a deed, it was in reality only a kind of pignorative contract of security or mortgage to secure a small amount of money advanced by James Houston; that no cash was paid at the time of the execution of the said act; that the purported deed remained in possession of their father and was not recorded or delivered to the vendee, if ever delivered to him, until after the death of their mother; and that, immediately after the recordation of the purported sale by their father to James Houston, James Houston transferred, by a purported deed, the same property to J. H. Cox. They further contend that the affidavit aforementioned shows that said acts were simulations and that Cox had actually retroceded such rights as he (Cox) had acquired from T. L. Caskey by sheriff’s deed to Caskey. Plaintiffs also allege that" the property was regularly assessed to T. L. Caskey and the state and parish taxes paid by him as owner and usufructory from the year 1892 up’ to the time of his death in 1932. They further allege that the Standard Oil Company of Louisiana, Inc., the Sugar Creek Syndicate, Inc., and the United Gas Public Service Company, Inc., defendants, are holding under an illegal lease contract from T. L. Caskey in so far as their said interest is concerned, and that defendants caused an oil and gas well to be drilled on the land during the year 1930, and have produced and
 
 *484
 
 taken from the land gas and oil. Plaintiffs pray for judgment in the sum of $23,000, and that a writ of judicial sequestration issue to protect their rights in the premises.
 

 The defendants filed pleas of nonjoinder and of no cause or right of action, and with reservation of their rights under said exceptions filed their answers denying that plaintiffs were the owners of the property.
 

 The case was duly tried and judgment rendered in favor of defendants rejecting plaintiffs’ demands, and the plaintiffs appealed.
 

 The defendants contend that they were in possession of the property under a lease from T. L. Caskey, who had a perfect recorded title to the said land according to the instruments hereinabove referred to, and, as third persons, had a right to rely upon the public records; that parol evidence was not admissible to impeach or contradict or vary the recorded deeds under which defendants held possession.
 

 The defendants also contend that the community formerly existing between T. L. Caskey and Emma Houston Caskey, his wife, was insolvent at the time of its dissolution and the property was sold to pay the debts of the community, and therefore the plaintiffs are estopped by the deed and warranty contained therein to controvert the title conveyed and warranted.
 

 The plaintiffs, after introducing the documents referred to in their petition and the assessment rolls from the year 1893 to 1932, then attempted by parol evidence to show that their father and James Houston intended that the deed between them was only to stand as security for a loan.
 

 Counsel for defendants objected to all such testimony offered to impeach the deed from T. L. Caskey to James Houston or for the purpose of contradicting, altering, or varying the said instrument, or for the purpose of proving any allegations of the petition, on the ground that it disclosed no cause or right of action, because they are lessees from the record owners of the property and are entitled to rely upon the public records. The court overruled the objection, referring it to the merits.
 

 The facts in this case are very similar to the facts recited in Beard v. Nunn, 172 La. 155, 133 So. 429, 430. Frank Beard, husband of Maggie Wells Beard, sold a tract of land to the Bank of Zwolle during the life of his wife, August 6, 1924. On September 9, 1925, the bank registered the deed, and on the 23d day of the same month sold the property to W. L. Winders. The wife died on the 5th day of January, 1925, leaving as her sole heirs, the parties who filed the suit against Winders claiming the interest of their mother in the property. They claimed, as did the plaintiffs in this case, that the sale to the bank was not a real sale, but only a pignorative contract intended as additional security for a loan by the bank, which already had a mortgage on the land. The plaintiffs attempted to show that their father continued in possession of the land after the alleged sale to the bank; that he continued to pay interest to the bank on the loan long after the death of his wife; that the bank never formally accepted the sale by resolution of its board of directors until the sale of the property to Winders; that the land continued to be assessed in the name of Frank Beard and the
 
 *486
 
 bank paid the taxes thereon for the year 1924, taking and recording a subrogation'for this tax against Beard; and that the bank’s mortgage remained on record. The trial judge refused to admit the evidence, and gave judgment for the defendants.
 

 This court referred to the jurisprudence which differentiates between cases where the property has passed into the hands of innocent third parties, who acquired their rights on .the faith of the public records, and.cases where the controversy was confined to the parties to the contract, and commented as follows : .
 

 “It would be subversive of all the fundamental rules of property to hold that third persons taking deeds at their face value should be subject to secret equities between their own vendor and prior owners of the land. And certainly, where this would not be permissible in the case of sales giving a right of redemption, it would still less be permissible in a case where the sale grants no such right, but on the contrary purports to be an outright and unredeemable sale. In other words, there would be no security whatsoever for purchasers of real estate, if they were not entitled to rely upon the title deeds to such- property, as being exactly what they purport to be.”
 

 Counsel for plaintiffs, however, contends that the defendants had notice of the simulation because of the affidavit executed by J. H. Cox and T. L. Caskey on the 14th day of April, 1919, above referred to, and consequently cannot plead good faith.
 

 The first two paragraphs of the affidavit expressly and unequivocally state that Cox purchased the property from Houston on December 10, 1S97, and sold the identical property to T. L. Caskey by deed dated April 24, 1919, but that as a matter of fact the actual sale took place about the year 1897. The remainder of the affidavit is only for the purpose of explaining that an error was made by the sheriff in executing the deed in favor of A. L. Atkins instead of Cox. This explanation or correction was necessary because the sheriff’s deed was recorded in 1896, which was. prior to the recordation of the act of sale by Caskey to Houston and Houston to Cox. The affidavit therefore strengthens rather than) weakens defendants’ chain of title.
 

 Plaintiffs’ counsel also points out that, when the deed by T. L. Caskey to James Houston was executed, the witness who proved up the instrument characterized the deed as a mortgage, and argues that this circumstance was sufficient to give notice to third parties of the fact that the purported sale was in fact and in truth a mortgage. The document on its face had all the elements of a sale, and it is our opinion that this minor detail, which had all the appearance of a simple error was not sufficient to place third parties on notice of any equities between the parties.
 

 Under the circumstances the plaintiff» should not have'been permitted to introduce evidence tending to vary the public records, when the act of sale on its face was regular and the property had passed into the hand» of bona fide third parties.
 

 For the reasons hereinabove assigned, the' judgment appealed from is therefore affirms ed.