REGAN, Judge.
Plaintiff, John William Van Vracken, Jr., instituted this suit against the defendants, Plarry J. Spiro, Inc. and Palm Vista, Inc., who were engaged, respectively, in the selling and developing of real estate, endeavoring to recover the sum of $1800, composed of $900 which he deposited with the defendants upon signing an offer to purchase two lots in Palm Vista Subdivision, Jefferson Parish, and a like amount as liquidated damages for defendants’ failure to comply with this agreement to deliver a merchantable title. In essence, plaintiff contended that the subdivision was illegally marketed and subdivided and further asserted that the contract was void since he was induced to sign it by defendants’ agent, who had misrepresented a material fact concerning off-site improvements.
The defendants pleaded the exceptions of no right or cause of action, which were overruled, and then answered denying that they could not deliver a merchantable title. They argued that the plaintiff was placed in default for failing to accept the title and therefore, they were entitled to retain the deposit of $900 in conformity with the terms of the contract.[1]
From a judgment awarding the plaintiff $900, which was the amount of his deposit, and dismissing the balance of the main and reconventional demand, the defendants have prosecuted this appeal. The plaintiff has answered the appeal and reiterates that he is entitled to an additional sum of $900 as liquidated damages.
This case was consolidated with a similar suit, arising out of a comparable transaction, in order to facilitate and expedite the trial thereof. The suit referred to is entitled Van Vracken v. Harry J. Spiro, Inc. and Palm Vista, Inc., 139 So.2d 92. Plaintiff therein is the father of the plaintiff herein. In that case the father executed a similar offer to purchase several lots in the same subdivision; however, the issues posed in both cases are the same.
In this case, on September 20, 1957, plaintiff executed an offer to purchase Lots 27 and 28 in Square 1 of Palm Vista Subdivision for the sum of $9000, which was accepted for Harry J. Spiro, Inc. a realtor selling lots in this subdivision for the owner, Palm Vista, Inc., by Trenton Reith, Spiro’s agent. This contract specified that title was to be transferred on or before December 20, 1957.
On October 23, 1957, an ordinance was adopted by the Jefferson Parish Police Jury, which accorded the Palm Vista development the status of a subdivision. On October 31, 1957, the streets therein were dedicated to public use.
A similar ordinance and act of dedication were passed by the City of Kenner at approximately the same time.
In the latter part of November, plaintiff engaged an attorney to examine the title to the property. Early in December plaintiff was notified by letter that the act of sale was to be passed and a time and date therefor were set forth therein. To this correspondence plaintiff’s attorney responded, stating in substance that the title was not merchantable, and alternatively, that plaintiff would only accept title after receipt of legal proof that off-site improvements would be provided in the subdivision.
When plaintiff failed to appear to participate in the act of sale, defendants’ notary tendered title, placed him in default and then declared the deposit forfeited.
Plaintiff testified that defendants’ agent, Trenton Reith, initially contacted him and developed his interest in the Palm Vista Subdivision. When he was taken to the site, he related that the salesman informed him that streets would be cut through the undeveloped acreage within a year or two *91 and that a country club would be erected in the near future in an area which the salesman pointed out. It was then that plaintiff offered to purchase two lots which adjoined the tract reserved for the construction of the country club. Reith then gave plaintiff a map, which revealed how the subdivision would appear when the streets were installed therein.
John VanVracken, Sr., plaintiff’s father, then testified that he purchased three lots in this subdivision from the same agent, who assured him that the blacktop or asphalt streets would be cut through the subdivision within a period of one year. Reith then escorted VanVracken, Sr., to a neighboring subdivision, which was fully developed, and again assured him that Palm Vista would have similar streets and off-site improvements installed within a year. Van Vracken, Sr., stated that both he and his son were interested in acquiring the sites for the purpose of constructing homes.
It is pertinent to observe at this point that all of the testimony adduced herein by plaintiff relative to Reith’s representations and plaintiff’s intentions when he signed the contract was admitted over the objection of defendants’ counsel, who insisted that this evidence was inadmissible because plaintiff had omitted to allege fraud or misrepresentation in his pleadings.
In any event, the defendants endeavored to rebut the foregoing evidence with the testimony of Reith, their agent, tie emphatically denied assuring plaintiff that off-site improvements would be completed in this subdivision within a year from the date of the offer; in fact, he insisted that he told both plaintiff and his father that he could make no guarantees concerning the laying of streets and the installation of drainage. On the trial hereof, which was more than three years after plaintiff signed the offer, Reith testified that the Palm Vista subdivision was still without streets or drainage and was completely undeveloped, in other words, raw land. It is interesting to note, in this connection, that accessibility to the property is only available by the use of a roadway which exists along the levee bordering Lake Pontchartrain and that a survey would be necessary in order to determine exactly where it is located.
Predicated upon the foregoing evidence, the trial judge concluded that defendant Spiro’s agent Reith induced plaintiff to sign the offer by misrepresenting a material fact; and therefore, a contract never existed for the reason, that under these circumstances, there could never be; a meeting of the minds. He then awarded plaintiff the sum of $900, which, in effect, returned to him the amount he had deposited with the defendants’ agent.
Defendants assert that the trial judge improperly admitted parol evidence to vary the terms of the written contract since the plaintiff failed to allege fraud or misrepresentation in his petition.
We find no merit in this contention. While it is true that the plaintiff’s petition is vague, ambiguous and laborious in many particulars, an examination of several articles thereof discloses that the defendants have been very definitely accused of fraud or misrepresentation.[2]
*92 It is a well-settled principle of law that parol evidence, generally, is not admissible to vary obligations set forth in written agreements; however, the rule is not applicable when a litigant seeks to annul the contract because he failed to consent to the terms thereof due to the misrepresentations of the other party.[3]
The misrepresentations alleged in plaintiff’s petition, if proven, constitute fraud, which vitiates the contract.[4]
In view of what we have said herein-above, the ultimate question posed for our consideration is whether the trial judge properly found as a fact that defendants’ agent did misrepresent a material fact, which vitiated the contract.
A careful analysis of the record, particularly the very impressive testimony of both the plaintiff and his father, convinces, us that they were beguiled into believing that they could each erect a home upon this property within a year, and this conviction, which resulted from Reith’s misstatements, was the motivating factor which induced plaintiff to agree to the purchase thereof. Since the contract is an absolute nullity, plaintiff is entitled to the return of his deposit in the amount of $900.
Plaintiff has answered the appeal, requesting the rendition of a judgment for an additional sum of $900 as liquidated damages, resulting from defendants’ failure to perform the contract; however, in oral argument before this court, plaintiff’s counsel conceded that he is not entitled thereto; therefore, no useful purpose would be served by engaging in a discussion thereof.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. “In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso facto, forfeited, without formality beyond tender of title to purchaser; or the seller may demand specific performance.”

. The pertinent allegations in plaintiffs petition are:
“4. That said agents and salesmen showed to the plaintiff certain purported lots which they represented, to the said plaintiff, would be subdivided in accordance with the laws of this State and the Ordinances of the Parish of Jefferson.
“5. That the said agents and salesmen represented unto your petitioner, that all city conveniences, including drainage, sewerage, light, heat, power and water, sidewalks and graded streets would be had in said subdivision.
“6. That the said agents and salesmen, took the plaintiff to a small developed section, off Veterans Highway, and stated that the lots they were offering to him for sale, were to be fully developed according to the same specifications.
“7. That as a result of the representations of the defendant’s agent and salesman, plaintiff was induced to sign an offer to purchase * *

. Sylvester v. Town of Ville Platte, 218 La. 419, 49 So.2d 746; Overby v. Beach, 220 La. 77, 55 So.2d 873.

. LSA-C.C. Art. 1832 — “In all cases, however, when the information, which would have destroyed the error, has been withheld by the other party to the contract, it comes under the head of fraud, and invalidates the contract.”