REGAN, Judge.
Plaintiff, John William Van Vracken, Sr., instituted this suit against the defendants, Harry J. Spiro, Inc. and Palm Vista, Inc., who were engaged, respectively, in the selling and developing of real estate, endeavoring to recover the sum of $2800, composed of $1400 which he deposited with the defendants upon signing an offer to purchase three lots in Palm Vista Subdivision, Jefferson Parish, and a like amount as liquidated damages for defendants’ failure to comply with this agreement to deliver a merchantable title. In essence, plaintiff contended that the subdivision was illegally marketed and subdivided and further asserted that the contract was void since he was induced to sign it by defendants’ agent, who had misrepresented a material fact concerning off-site improvements.
*93 The defendants pleaded the exceptions of no right or cause of action, which were overruled, and then answered denying that they could not deliver a merchantable title. They argued that the plaintiff was placed in default for failing to accept the title and therefore, they were entitled to retain the deposit of $1400 in conformity with the terms of the contract.[1]
From a judgment awarding the plaintiff $1400, which was the amount of his deposit, and dismissing the balance of the main and reconventional demand, the defendants have prosecuted this appeal. The plaintiff has answered the appeal and reiterates that he is entitled to an additional sum of $1400 as liquidated damages.
This litigation emanates from a similar contract, and the facts and pertinent issues are identical to those revealed in the case of Van Vracken, Jr. v. Harry J. Spiro, Inc. and Palm Vista, Inc., 139 So.2d 89, in which an opinion and decree were handed down this day; therefore, for the reasons stated therein, the judgment is affirmed.
Affirmed.

. “In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso facto, forfeited, without formality beyond tender of title to purchaser; or the seller may demand specific performance.”