LANDRY, Judge.
This is a suspensive appeal from a judgment of the trial court ordering defendant’s eviction from and directing his delivery of possession to plaintiff of certain disputed real property decreed by the lower court to belong to petitioner. Appellant resisted ' plaintiff’s demands averring his own proprietorship of subject property and alternatively claimed the right to have the property in issue reconveyed to him because of the alleged nullity of the act by which appellee purportedly acquired title.
The instant matter presents virtually no disputed factual situation and involves primarily an issue of law as will hereinafter appear.
By act of sale dated June 9, 1959, appellant sold to Louis P. Klingman a certain tract of land, together with improvements, in Section 59, T-18-S, R-19-E, Terre-bonne Parish, located approximately sixteen miles below the City of Houma. Said transfer, recorded July 10, 1959, in C. B. 282, Folio 321 of the Conveyance Records of Terrebonne Parish, contained a redemptive provision reading as follows :
“The parties hereto agree that vendor herein or his wife shall have the right for a period of Five (5) years from the date hereof to purchase from the purchaser herein the property hereinabove described. Said right to purchase shall be for the same consideration as set out herein for this Act of Sale.”
It is conceded that following the aforesaid alienation defendant remained in possession of the property continuously as his home. More than eleven months subsequent to expiration of the five-year redemptive period specified, Louis P. Kling-man, individually and as tutor of the minor children of his then deceased wife, together with two major children, sold the property in question to plaintiff and his wife by deed dated May 19, 1965. After due recordation of his title, plaintiff Edward A. LeBoeuf, instituted this action August 13, 1965, seeking possession of the property.
In substance defendant contends that prior to expiration of the redemptive period, he informed his transferee, Klingman, orally and in writing of his desire to exercise his right to repurchase and Klingman verbally consented to recovery. It appears, however, that in the meantime Mrs. Irene Hebert Klingman, wife of Louis P. Klingman, died November 10, 1963, prior to expiration of the reclamation date stipulated in the sale, which unexpected event necessitated obtention of a court order *199 authorizing reconveyance of the minors’ interest. It further appears that proceedings were instituted August 14, 1964 (subsequent to expiration of the retrieval date) to open the succession of Mrs. Klingman but no further steps were taken to effect a reconveyance to defendant. On May 18, 1965, judgment was rendered in Mrs. Kling-man’s succession authorizing her surviving husband to sell the undivided one-tenth interest to each minor child in said property to appellee, Edward A. LeBoeuf and wife, for the price and sum of $300.00 cash to each minor. Appellant’s petition alleges Klingman qualified as natural tutor of his minor children on the same date judgment was signed authorizing sale of said minors’ interests in subject property, and that the sale to plaintiff herein was executed the following day.
Plaintiff’s alleged bad faith is expressly plead by defendant on the ground appellee was purportedly aware of appellant’s redemptive right both prior to and at the time of plaintiff’s purchase. In addition, appellant avows plaintiff was cognizant of the notice given Klingman by defendant of intention to redeem and that plaintiff also knew defendant was merely waiting upon Klingman to qualify as natural tutor of his minor children so that the reconveyance could be properly effected. In this regard appellant maintains plaintiff became apprised of the foregoing circumstances shortly after expiration of the redemptive period.
Contemporaneous with institution of the present suit, appellant filed an action against plaintiff and the Klingmans to have the transfer from respondent to the Kling-mans declared a security device given as collateral for a $1,500.00 obligation, and to obtain an adjudication establishing the nullity of the transfer from the Klingmans to appellee.
At the trial below appellant offered parol testimony to impeach plaintiff’s title for alleged bad tfaith which evidence was objected to by counsel for plaintiff on the ground such evidence was inadmissible to show any knowledge obtained by appellee dehors the public record. Upon counsel for appellant conceding that while bad faith was alleged on plaintiff’s part, there was no intent to charge fraud or collusion, the learned trial court ruled the proffered parol testimony irrelevant and inadmissible.
In his brief before this court, esteemed counsel for appellant alleges the trial court erred in declining to admit parol evidence to establish plaintiff’s asserted bad faith under the circumstances shown. Additionally, counsel maintains the learned trial court erred in holding that plaintiff was not chargeable with knowledge from the public records in June, 1964, and subsequent thereto that defendant was in possession of subject property under a pignorative contract with plaintiff’s author in title, and that plaintiff’s said author had been duly and timely notified of appellant’s intent to redeem thus extending the redemptive period.
We have carefully reviewed defendant’s answer and find therein no specific allegation of fraud. We do find, however, certain averments which appear to have the effect of charging fraud on plaintiff’s part. Assuming, arguendo, the applicability herein of that line of authority permitting adduction of evidence of fraud pursuant to allegations which in essence charge fraud while not expressly so averring, see Van Vracken v. Harry J. Spiro, Inc., La.App., 139 So.2d 89, the mentioned rule can avail present appellant nothing. On two occasions during the trial counsel for appellant was asked by the court whether fraud was being attributed to plaintiff and in unmistakable terms counsel advised the court that whereas plaintiff was charged with bad faith no fraud was imputed to him. Consequently, assuming defendant’s answer contains a plea of fraud, it was expressly abandoned and disclaimed upon trial. It follows that the issues herein presented must be resolved in the absence of a plea of fraud.
*200 In ruling inadmissible the parol evidence tendered by defendant, the able trial court relied upon McDuffie v. Walker, 125 La. 152, 51 So. 100, and Burt v. Valois, La.App., 144 So.2d 196, which held that, absent a plea of fraud, personal knowledge of a purchaser outside the public record, does not estop him from acquiring good title, so long as there exists on the face of the public record nothing sufficient to put him on notice of a claim of ownership by a party other than his own vendor.
Counsel for appellant urges that in ejection proceedings, parol evidence is admissible to prove the averments of defendant’s answer when the respondent alleged plaintiff’s title was obtained by fraud, misrepresentation or want of consent. Cited in support of counsel’s position are Wooten v. Jones, 200 La. 333, 8 So.2d 46, and LeBleu v. Savoie, 109 La. 680, 33 So. 729. We note, however, that in both the cited cases, fraud, misrepresentation, error and lack of consent were expressly alleged. We are in agreement with counsel’s analysis of the rulings in the cited authorities but conclude they are without application to the case at bar because, as hereinabove shown, not only did counsel not plead fraud, his responses to the court’s inquiries clearly reveal no attempt or intent to charge ap-pellee with fraud or collusion.
In substance counsel for appellant charges there was sufficient evidence of an adverse claim upon the public records to disclose appellant’s right, until June 9, 1964, to repurchase for the sum of $1,500.00, the property sold the Klingmans. The obvious correlative is that the public records likewise showed appellant’s asserted right expired June 9, 1964. The question remains, therefore, whether, absent an allegation of fraud, a prospective purchaser is put on notice that the reclamation period may have been extended by oral agreement or written but unrecorded instrument.
With respect to oral extension of a redemptive right we note the following applicable articles of LSA-C.C.:
“Art. 2567. Right of redemption, definition
Art. 2567. The right of redemption is an agreement or paction, by which the vendor reserves to himself the power of taking back the thing sold by returning the price paid for it.”
“Art. 2570. Effect of failure to exercise right within time stipulated
Art. 2570. If that right has not been exercised within the time agreed on by the vendor, he can not exercise it after-wards, and the purchaser become irrevocably possessed of the thing sold.”
Notwithstanding the foregoing codal authority, an offer to repurchase made within the time specified preserves the right of redemption as between the parties and lays the foundation for an action for specific performance after termination of the redemptive period. Patterson v. Bonner, 14 La. 214.
Counsel for appellant cites Breaux-Renoudet Cypress-Lumber Co. v. Shadel, 52 La.Ann. 2094, 28 So. 292; Maxwell v. W. B. Thompson & Co., 175 La. 252, 143 So. 230; Brown v. Johnson, La.App., 11 So.2d 713; Arnold v. Sun Oil Co., 218 La. 50, 48 So.2d 369; Hasslocher v. Recknagel, La.App., 160 So.2d 421, in support of the contention plaintiff was sufficiently put on notice by the record to deprive plaintiff of good faith reliance thereon. In this connection counsel argues that where a recorded instrument contains language which fairly puts a prospective purchaser on inquiry as to the validity of a title and the purchaser avails himself of the means and facilities at hand to obtain knowledge of the true facts, he is deemed in bad faith if he obtains knowledge that the title is not in his vendor and is considered to have purchased at his own risk.
Examining the cited authorities we find Beaux-Renoudet Cypress-Lumber Co. *201 v. Shadel, supra, inapposite. In the Breaux case the purchasers of an undivided one-half interest in property, with no warranty of title, took possession and commenced cutting timber thereon. The public record contained a perfect chain of title adverse to that pursuant to which the purchaser claimed. The court held that the “object of the registry laws is to make apparent the ownership of property, and wherever such ownership appears on the public records by proper titles that object is attained. Notice is thereby given, and no careful person can be deceived.” The act by which the purchasers acquired were sufficient to put them on inquiry or notice as to the title which was defective on the face of the public record.
Maxwell v. W. T. Thompson & Co., supra, deals with the ownership and pledge of movables. Brown v. Johnson, supra, can be of little comfort to appellant since it held bad faith cannot be imputed to a purchaser merely because an examination of the public record would have disclosed a defect in his vendor’s title, and that only where the act of acquisition contains provisions adequate to put the purchaser on inquiry as to the title can he be in bad faith and deemed to purchase at his own risk and peril.
Adverting to the matter at hand, we find that not only did the transfer from Klingman to plaintiff contain no caveat or notice of a title imperfection, but also that an examination of the public record would have revealed no adverse claim subsequent to June 9, 1964.
In Hasslocher v. Recknagel, La.App., 160 So.2d 421, an ambiguous reference to a prior mineral transaction was held not to fairly place the purchasers on notice as to an adverse claim.
The jurisprudence, including the cases cited and relied upon by appellant herein, has firmly established the rule that in the absence of allegation and proof of fraud or collusion, the good faith of a purchaser can be affected only by what appears on the public record. The landmark case so holding is McDuffie v. Walker, 125 La. 152, 51 So. 100. The McDuffie case has been followed on innumerable occasions including the fairly recent decision of this court, namely, Burt v. Valois, La.App., 144 So.2d 196. In substance McDuffie v. Walker, supra, holds that despite the purchaser’s personal knowledge of defects in the vendor’s title, the purchaser is nevertheless in good faith so long as there exists nothing on the face of the public record sufficient to put him on notice of an adverse claim.
Appellant next argues that where a sale containing a redemptive right is not accompanied by delivery of possession to the purchaser, and the price is inadequate, the court will consider it as merely a security device or pignorative contract absent evidence to the contrary. The argument continues that a redemption clause therefore puts a prospective purchaser on notice that the reputed vendor may still own the property, and since the present purchaser knew appellant maintained possession, plaintiff was not in good faith. In support of this position counsel cites a number of cases holding that under certain circumstances a purported, sale will be considered by the courts as a security device. We are fully cognizant of and in agreement with the line of authority referred to by counsel, but the principle therein established is applicable only as to the parties to the act and has no pertinency to third party purchasers. See Marbury v. Colbert, 105 La. 467, 29 So. 871. In an action between the parties to the sale the intention of the parties is determinative of the effect of the transaction and such intention may be disclosed by circumstances such as delivery or non-delivery of possession. This principle, however, is confined to the parties to the contract. Beard v. Nunn, 172 La. 155, 133 So. 429.
In Jolivet v. Chaves, 125 La. 923, 52 So. 99, 32 L.R.A.,N.S., 1046, it was held that *202 where the delay for redemption expired without recordation of evidence indicating exercise of the redemptive right, a purchaser from the apparent vendee on the face of the record acquires good title as against the former owner claiming the act of sale with right of redemption was in reality only a mortgage or security device.
The Supreme Court in Wells v. Joseph, 234 La. 780, 101 So.2d 667, indicated a conclusion similar to that reached in the Jolivet case, supra, would have resulted with regard to the tax sale therein involved, where the certificate of redemption, evidencing a reclaimer by the tax debtor prior to expiration of the redemptive period, was not recorded until after a third party had acquired from the tax purchaser, but for the fact the record contained a number of documents establishing an adverse claim of title.
In Jackson v. Golson, La.App., 91 So.2d 394, the distinction in treatment of a third party as contrasted with that accorded a party to the original transaction, is clearly set forth. The Jackson case, supra, states the well established rule that as between the parties to a transaction, a redeemable sale, unaccompanied by delivery of the thing sold for an inadequate consideration, will, in the absence of evidence to the contrary, be deemed by the courts a mere security device. The court, however, recognized the rule to be different as regards third parties and in summarizing the jurisprudence governing the rights of persons not a privy to such contracts stated:
“In Beard v. Nunn, 172 La. 155, 133 So. 429, 430, the court stated:
‘In Latiolais v. Breaux, 154 La. 1006, 1008, 98 So. 620, we recognized that, even when the sale was made with right of redemption, the right to treat as a pignorative contract instead of what it purported on its face to be, to wit, a vente a remere, was confined to the parties to the contract. In the long line of cases there mentioned there is not one in which a party was permitted to show this to the prejudice of third persons.
‘We there said that the leading case on that subject was Marbury v. Colbert, 105 La. 467, 29 So. 871. * * * it would be subversive of all the fundamental rules of property to hold that third persons taking deeds at their face value should be subject to secret equities between their own vendor and prior owners of the land. * * * In other words, there would be no security whatsoever for purchasers of real estate, if they were not entitled to rely upon the title deeds to such property, as being exactly what they purport to be.’
“Neither is a purchaser from one who holds under a deed specifically reserving the right of redemption at a time long after the period of redemption has expired, bound to institute an investigation beyond what appears on the records to ascertain if the property has or has not been redeemed. Coleman v. Washington, 167 La. 658, 120 So. 42; Jolivet v. Chaves, 125 La. 923, 52 So. 99, 32 L.R.A.,N.S., 1046; Tonglet v. Chopin, 155 La. 752, 99 So. 587.
“The jurisprudence of this State is well settled that third persons dealing with immovable property need only to look to the public records. Goldsmith v. McCoy, 190 La. 320, 182 So. 519; Chachere v. Superior Oil Co., 192 La. 193, 187 So. 321; Coyle v. Allen, 168 La. 504, 122 So. 596; McDuffie v. Walker, 125 La. 152, 51 So. 100; Caskey v. Standard Oil Co. of Louisiana, Inc., 181 La. 479, 159 So. 722; Beard v. Nunn, supra; LSA-C.C. art. 2266.
“It is also the well settled jurisprudence of this State that third persons dealing with immovable property not only have the right to depend upon the faith of the record title thereof but are not bound by any secret equities that may exist between their own vendor and prior owners of the *203 land. Chachere v. Superior Oil Co., supra, and the authorities therein cited.”
Based on the foregoing principle, the court in the Jackson case, supra, held that whereas the act in question was a mortgage insofar as concerned the heirs of the purported vendor, it was a transfer of ownership as regards the holders of certain mineral leases acquired from the purchaser upon the faith of the public records.
Learned counsel for appellant also seeks to distinguish the long line of cases establishing the jurisprudence hereinabove noted on three general grounds. First, he contends that in numerous instances the redemptive right was included in a separate instrument, a counter letter, apparently not of record. Next it is asserted that in some instances the vendor did not remain in possession. Finally, appellant contends there is that group of cases in which the sale to a bona fide third party occurred years after expiration of the redemptive period. Assuming, arguendo, the observations of learned counsel to be correct, we could readily distinguish the first two classes of cases on the grounds stated. As regards the third category which makes a distinction predicated upon the length of time intervening between expiration of the redemptive period and the third party purchase, we cannot concede the validity of such a differentiation. First and foremost such a distinction would in effect extend the redemptive period beyond that stated in the contract contrary to the express terms of LSA-C.C. Article 2570 hereinabove cited in full. Additionally such a rule would not only extend the redemptive period as noted, but also protract such right for an indefinite and uncertain time and to a large measure take the subject property out of commerce, a result abhorred by law. It is inherent in the law of registry that ownership of property may be ascertained with certainty from an examination of the public records, and individuals claiming by unrecorded title or secret equities do so at their own risk.
In the case at bar nothing was placed of record by appellant to give notice to the public of his intention to exercise his redemptive right. A copy of the letter written Klingman offering to repurchase prior to expiration of the redemption period placed on record anterior to the sale of subject property to a third party would have sufficed to place the whole world on notice of appellant’s claim to the property. Suit for specific performance coupled with notice of lis pendens recorded prior to sale to a third person would also have preserved and protected appellant’s redemptive privilege against all persons whomsoever. There being nothing of record to impute bad faith to plaintiff herein, he was within his rights in relying upon the public records and acquired good title from one ostensibly the owner of the property conveyed.
The judgment of the trial court is affirmed.
Affirmed.